UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUMMITBRIDGE WEALTH MANAGEMENT LLC and ARNA PREMIER PROPERTY SOLUTIONS,<br><br>                              Plaintiffs,<br><br>-against-<br><br>LIGHTHOUSE ESTATES LLC, CEEKOU LLC, STARPOINT HOLDINGS LLC, AVS ESTATES LLC, BLUESTAR CAPITAL LLC, RED DOOR LEGACY LLC, TAIHE ESTATES LLC, REDWOODS REAL ESTATE LLC, HIDDEN GEMS VENTURES, HIDDEN GEMS TC SERVICES LLC, MARCIA DONALDSON, VAN LAURENCE BARKER, ARIER MERMELSHTAYN BARKER, SIYUAN ZHENG, JOSHUA JAMES KENNEDY, UNIVERSITY TITLE COMPANY, MEMBER TITLE, FIRST CLASS TITLE AGENCY, TRUE LITTLE ESCROW AGENT, PERPETURAL TITLEL OH, LEGACY TITLE AND ESCROW, and ELIT E TITLE,<br><br>                              Defendants. | Case No. 2:26-cv-00141 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BLUESTAR CAPITAL LLC'S EMERGENCY MOTION FOR A TRO OR PRELIMINARY INJUNCTION**

Adam S. Katz, Esq.
Goldberg Segalla LLP
711 Third Avenue, Ste. 1900
New York, NY 10017
646.292.8787
akatz@goldbergsegalla.com

**TABLE OF CONTENTS**

I.   **PRELIMINARY STATEMENT**……………………………………………………1

II.  **PROCEDURAL BACKGROUND**………………………………………………….2

III. **LEGAL STANDAND**……………………………………………………………..3

IV.  **ARGUMENT**………………………………………………………………………3

    A.   **Insufficient and Improper Service Merits Denial of the Motion**…….3

    B.   **The Complaint is Devoid of Specific Allegations against Bluestar, Which is Fatal to Plaintiffs' Likelihood of Success on its RICO and Fraud Claims**……………………………………………………….4

    C.   **Plaintiffs Have Not Demonstrated Irreparable Harm**………………..6

V.   **CONCLUSION**…………………………………………………………….....7

Defendant Bluestar Capital, LLC ("Bluestar") respectfully submits this memorandum of law in opposition to the Emergency Motion and Order to Show Cause filed by Plaintiffs Summitbridge Wealth Management LLC and Arna Premier Property Solutions (collectively, "Plaintiffs"), seeking, *inter alia*, a temporary restraining order and preliminary injunction enjoining Bluestar from encumbering, dissipating or operating its bank accounts and other assets (*see* ECF Dkt. Nos. 7-9) (the "Motion").

## I.  PRELIMINARY STATEMENT

Plaintiffs seek the drastic relief of encumbering and restraining Bluestar's accounts and assets before trial, but the Motion does not satisfy the exacting standard required for this relief. As an initial matter, Plaintiffs failed to serve Bluestar properly. Instead, Plaintiffs attempted to effectuate service on an unrelated entity in Minnesota called "Bluestar Media." Because service is to be strictly enforced on an order to show cause seeking injunctive relief, this, alone is sufficient grounds, to deny the Motion. Substantively, Plaintiffs' pleadings run afoul of Fed. R. Civ. P. 9(b) and the requirement to plead fraud and violations of RICO—the two causes of action interposed against Bluestar—with specificity. Based on well-settled law, there must be specific allegations about each defendants' role in a fraud or conspiracy rather than allegations lumping all defendants together. Here, Bluestar is lumped in with approximately ten other defendants, and is not mentioned specifically in any allegation of the complaint, other than the "Parties" section. Therefore, contrary to Plaintiffs assertions in the Motion, Plaintiffs have not sufficiently shown a likelihood of success on the merits. This is a basis not only to deny the Motion but to dismiss the Complaint against Bluestar in its entirety.

Additionally, Plaintiffs have not met its burden of demonstrating irreparable harm, which is another reason why the TRO should be denied. Plaintiffs allege a quantifiable sum of damages-

1

- $1,129,000 and they cannot explain why they waited over four months to seek injunctive relief. These two facts disfavor the drastic remedy of injunctive relief and upsetting the status quo.

Based on the foregoing, the Motion, including the TRO should be denied.

## II.      PROCEDURAL BACKGROUND

Plaintiffs filed a Complaint on or about January 29, 2026 (the "Complaint") purporting to interpose two claims against Bluestar: the first cause of action alleging a violation of RICO and the second cause of action alleging fraud. ECF Dkt. No. 1.  Plaintiffs allege that Defendants solicited Plaintiffs and other unnamed lenders to invest in various real estate acquisitions and renovations and then diverted funds to pay other shortfalls and to conceal a failing business.  *Id.* at ¶¶ 1-2. Other than a brief mention in the "Parties" section of the Complaint, Bluestar is not specifically mentioned anywhere in the Complaint. *Id.* at ¶ 15.  To be clear, there is no specific mention of anything improper, fraudulent, or illegal that Bluestar purportedly did to obtain investor funds, and there is no allegation about Bluestar's involvement in any purported scheme to mishandle or divert investor funds, which is required to state a RICO violation or a claim for fraud. Rather Bluestar is lumped together in the definition of approximately eleven other corporate and individual defendants.  Similarly, Bluestar is not mentioned substantively by name in either of the two affidavits in support of the Motion.  ECF Dkt. Nos. 8-9.

On or about January 13, 2026, the Court ordered Plaintiffs to serve the Motion on Plaintiffs with the Court's scheduling order via Fed Ex by January 14, 2026.  *See* Court's January 13, 2026 Minute Order.  Pursuant to the Court's affidavit of service, Plaintiffs appear to have served an entity called "Bluestar Media" located in St. Paul, Minnesota, rather than the correct entity, "Bluestar Capital."  *See* ECF Dkt. No. 10 at p. 2.  Bluestar Media is not affiliated with the entity named as a Defendant in this matter. Matthew Daidola, Esq., attorney for Plaintiff Arna, further

2

confirmed that, unlike some of the other Defendants, he never emailed a copy of the Motion or the Court's scheduling order to Bluestar.  See ECF Dkt. No. 9 at ¶ 4.

### III. LEGAL STANDARD

To obtain a temporary restraining order or a preliminary injunction, a party must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015); *Gazzola v. Hochul*, 88 F.4th 186, 194 (2d Cir. 2023).  Injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Kotze v. Nbcuniversal Media, LLC*, 25-CV-04703, 2025 U.S. Dist. LEXIS 132861, *3 (S.D.N.Y. 2025), citing *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (per curiam) (cleaned up); *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007).

### IV. ARGUMENT

#### A. Insufficient and Improper Service Merits Denial of the Motion

Pursuant to Fed. R. Civ. P. 12(b)(5), an action can be dismissed for insufficient service of process.  The rules for service over an order to show cause and related papers seeking a temporary restraining order or a preliminary injunction, such as the ones at issue here, are strictly construed; failure to comply with such rules is grounds to deny the TRO.  *See Phillips v. Reckson Assocs. Realty Corp.*, No 06-CV-5971, 2006 U.S. Dist. LEXIS 83288, *12 (E.D.N.Y. Nov. 15, 2006) citing *People ex rel. Brown v. Greene,* 10 A.D.3d 746, 781 N.Y.S.2d 709, 710 (N.Y. App. Div. 3d Dep't. 2004) ("[F]ailure to follow the service requirements set forth in an order to show cause is

3

a jurisdictional defect requiring dismissal."); *Leadsinger, Inc. v. Cole*, 05 Civ. 5606, 2006 U.S. Dist. LEXIS 55550 (S.D.N.Y. Aug. 4, 2006), *34-35, citing *Caralyus v. Hayduk,* 72 A.D.2d 590, 591 (N.Y. App. Div. 2d Dep't 1979) ("Since the mode of service provided for in the order to show cause was jurisdictional in nature and must be strictly complied with, jurisdiction over [respondent] was never acquired").

Here, Plaintiffs did not serve Bluestar at all, and thus, jurisdiction over Bluestar was not acquired. Rather than sending a FedEx to the correct entity or effectuating any service on Bluestar, Plaintiffs served a wholly unrelated entity in Minneapolis, Minnesota called "Bluestar Media," showing a complete lack of due diligence. *See* ECF Dkt. No. 10 at p. 2. Plaintiffs did not even email a copy of the Court's order and the Motion to Bluestar, which also would be insufficient, but would have provided colorable notice. *See* ECF Dkt. No. 9 at ¶ 4. This, alone, should be sufficient grounds to deny the Motion, including the TRO and preliminary injunction that Plaintiffs seek.

### B. The Complaint is Devoid of Specific Allegations against Bluestar, Which is Fatal to Plaintiffs' Likelihood of Success on its RICO and Fraud Claims

Pursuant to Fed. R. Civ. P 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." It is well-settled that "[w]here fraud is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts complained of by each defendant." *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006) (granting motion to dismiss where complaint "fail[ed] to specify the content of the alleged false statements, fail[ed] to state where and when particular statements were made, and fail[ed] to identify which of the two Defendants made each statement or omission"); *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996); *Ellison v. Am. Image Motor*

4

*Co.,* 36 F. Supp. 2d 628, 641-42 (S.D.N.Y. 1999). This rule of particularity also applies to civil RICO claims. *See Lippe v. Bairnco Corp.*, 225 B.R. 846, 860 (S.D.N.Y. 1998) (dismissing a civil RICO claim against certain defendants because the complaint "'lump[ed]' all the defendants together and allege[d] that the purported acts of every defendant [could] be imputed to every other defendant."); *Worldwide Directories*, *S.A. De C.V. v. Yahoo! Inc*., 14-cv-7349, 2016 U.S. Dist. LEXIS 44265, *13 (S.D.N.Y. Mar. 31, 2016) (dismissing RICO claim, because "Plaintiffs have not pleaded facts from which the Court can reasonably infer that either Defendant participated in the operation or management of a RICO enterprise.")

Additionally, for a RICO claim, to establish a "pattern" of racketeering activity, plaintiffs must allege that each defendant committed two predicate racketeering acts, that the acts are related, and that "they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 106 L. Ed. 2d 195, 109 S. Ct. 2893 (1989); *Beck v. Manufacturers Hanover Trust Co*., 820 F.2d 46, 51 (2d Cir. 1987) (alleged scheme for "one straightforward, short-lived goal" to effect sale of property at reduced price "not sufficiently continuing to constitute an 'enterprise'").

Here, Plaintiffs fall woefully short of meeting the applicable pleading standard for a fraud or RICO claims, thereby casting significant doubt on Plaintiffs' likelihood of success on the merits as to Bluestar. There is not a single specific allegation about Bluestar; rather Bluestar is lumped together with eleven other defendants, including corporate entities and individuals. Based on the significant case law cited *supra* in the prior paragraph this would be grounds to dismiss the Complaint, showing that Plaintiffs will not succeed on the merits of its claims. Similarly, with respect to the Second Cause of Action alleging a RICO violation, Plaintiffs have not alleged two specific related, predicate racketeering acts on the part of Bluestar, which is fatal to the claim.

5

There is certainly no allegation of continued criminal activity. Because Plaintiffs have not met their burden of persuasion, the Court should deny the drastic relief they seek, as against Defendant Bluestar.

### C. Plaintiffs Have Not Demonstrated Irreparable Harm

"To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm. *Grand River Enter. Six Nations, Ltd v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (cleaned up). The "mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991).

Compensation through monetary damages disfavors a finding or irreparable harm. *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990) ("[I]t is settled law that when an injury is compensable through money damages there is no irreparable harm."); *Loveridge v. Pendleton Woolen Mills, Inc.*, 788 F.2d 914, 918 (2d Cir. 1986) ("[W]here money damages are adequate compensation, a preliminary injunction will not issue since equity should not intervene where there is an adequate remedy at law.").

Additionally, "[i]t is well-established that a court must consider a plaintiff's delay in seeking relief when analyzing whether the plaintiff will suffer irreparable harm in the absence of relief.'" *Kim v. CIMG Inc.*, No. 24 CIV. 7485 (AKH), 2025 U.S. Dist. LEXIS 26031, 2025 WL 833074, at *2 (S.D.N.Y. Feb. 13, 2025) (citation omitted) (holding that three-month delay in bringing suit weighed against grant of injunctive relief). "Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs'

rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985).

Here, Plaintiffs have not sufficiently alleged or demonstrated the TRO and preliminary injunction are necessary to stop an irreparable harm. To the contrary, Plaintiffs admit that monetary damages are sufficient to compensate Plaintiffs for any damages incurred. The Complaint alleges in detail the transactions that were purportedly fraudulent and provides a total amount that was purportedly invested and diverted, i.e., $1,129,000. *See* Compl. at ¶¶ 28-29. Additionally, Plaintiffs have alleged that representations were made as early as August 2025 and that purportedly fraudulent transactions occurred as early at September 2025. *See* Compl. at ¶¶ 28 32-33. There is no explanation as to why Plaintiffs waited over four months to seek a TRO and injunctive relief. If Bluestar wanted to encumber its assets it could have done so in the last four months, thereby further demonstrating that Plaintiffs have not satisfied its burden of showing irreparable harm.

## V. **CONCLUSION**

For the foregoing reasons, this Court should deny the Motion, the TRO, and any other relied that Plaintiffs seek, as against Defendant Bluestar.

Dated: January 28, 2026

          GOLDBERG SEGALLA, LLP

BY: _____
      Adam S. Katz, Esq.
      Goldberg Segalla LLP
      711 Third Avenue, Ste. 1900
      New York, NY 10017
      646.292.8787
      akatz@goldbergsegalla.com

*Attorneys for Bluestar Capital, LLC*