# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2458 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

January 28, 2026

<u>*Via Electronic Filing*</u>
The Hon. Joan M. Azrack, U.S.D.J.
U.S. District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: *SummitBridge Wealth Management LLC et al v. Lighthouse Estates LLC et al*
      <u>Case No.: 1:25-cv-04485-GHW</u>

Dear Honorable Judge Azrack,

  This law firm is counsel to Defendant Ariel Mermelshtayn Barker ("Ariel Barker") in the above-referenced matter.

  Pursuant to Your Honor's Individual Motion Practice Rules, and the directives contained in Your Honor's January 26, 2026 Order, this letter respectfully serves to respond to the emergency motion for a temporary restraining order filed by Plaintiffs SummitBridge Wealth Management LLC and ARNA Premier Property Solutions (together, the "Plaintiffs") on January 12, 2026 [Dckt. Nos. 7-10] (the "Motion for a TRO").

  **I.** **Relevant Factual[1] and Procedural Background**

  Although Plaintiffs name Ariel Barker in this action, the Verified Complaint contains no specific factual allegations attributing fraudulent conduct or actionable wrongdoing to her. Ariel Barker is mentioned principally in the "Parties" section, where Plaintiffs allege, in conclusory fashion, that she "held ownership interests and control positions" in certain affiliated entities and "participated in enterprise decision-making related to property acquisitions and lender communications," without identifying any specific act, statement, transaction, or communication undertaken by her. [*Compl.* at ¶ 23].

  Beyond this generalized description, the Complaint's factual allegations – spanning dozens of paragraphs detailing alleged misrepresentations, diversion of funds, payment delays, lender communications, and purported admissions – do not attribute a single misrepresentation, wire communication, transfer of funds, or predicate act to Ariel Barker individually. [*See Id.* ¶¶ 27-55].

  Plaintiffs do not – and cannot – allege that Ariel Barker solicited Plaintiffs' investments, communicated with Plaintiffs regarding their loans, received Plaintiffs' funds, directed the use of Plaintiffs' funds, or exercised control over any specific asset alleged to be at risk of dissipation.

---

[1] For purposes of the instant opposition to the Motion for a TRO, the material factual allegations set forth in the Complaint are assumed true and will form the basis for the statement of facts herein. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). However, should the action proceed, in whole or in part, Defendant Ariel Barker intends to vigorously contest the "facts" asserted in the Complaint (presuming this Court may properly exercise personal jurisdiction).

Similarly, the causes of action for civil RICO and fraud merely incorporate the Complaint's prior allegations wholesale and assert claims against the "Lighthouse Defendants" collectively, without pleading any individualized conduct by Ariel Barker as required under Rule 9(b). [*Id.* at ¶¶ 57–65].

The same pleading defect appears in Plaintiffs' TRO application. Neither the attorney declaration submitted in support of the TRO nor the declaration of Perumal R. Thiyagarajan identifies any conduct by Ariel Barker demonstrating personal participation in fraud, control over investor funds, or involvement in any alleged diversion or dissipation of assets. [*See generally* Thiyagarajan Decl. at ¶¶ 1–13; and Daiadola Decl. at ¶¶ 1–5].

As set forth more fully below, the Motion for a TRO seeks sweeping injunctive relief against Ariel Barker without citing a single factual allegation tying her to any imminent transfer of assets or irreparable harm. In short, Plaintiffs seek extraordinary injunctive relief against Ariel Barker based solely on her status as a named defendant, not on any pleaded facts establishing wrongdoing, likelihood of success, or entitlement to emergency relief.

## II.   This Court Does Not Have Personal Jurisdiction Over Ariel Barker

Plaintiffs' request for extraordinary emergency relief collapses at the threshold: absent proper service, the Court may not restrain Ariel Barker's liberty or property interests. For this reason alone, Plaintiffs' TRO application must be denied as against Ariel Barker.

It is well settled that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs.LP v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006).

New York Civil Practice Law and Rules ("CPLR") § 308(2) ("Personal Service Upon a Natural Person") provides that "[i]ndividuals may be served by delivering the summons within the state to a person of suitable age and discretion at [defendant's] actual place of business…[and] mailing the summons by first class mail to the person to be served at his or her actual place of business…" CPLR § 308(2), where "actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." CPLR § 308(6). Suitable age and discretion means that "[t]he person to whom delivery is made must objectively be of sufficient maturity, understanding, and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant." *Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104 (E.D.N.Y. 1995).

"Service upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308." *Castillo-Florez v. Charlecius*, 220 A.D.3d 1, 5 (2d Dept. 2023). The purpose of this requirement is to combat the long-standing problem of process-serving abuse known as "sewer service" as well as to ensure the reliability of records presented to courts in support of their exercise of their jurisdiction over defendants. *See Feinstein v. Bergner*, 48 N.Y.2d 234, 239-241 (1979). To prevent sewer service and the falsification of court records, New York's highest court has emphasized that courts must strictly enforce service as they are statutorily required. *Id.* at 241. Where, as here, the statutory requirements for service upon a natural person

have not been met, the defect is jurisdictional and cannot be excused by actual notice, expediency, or the severity of the relief sought. *Id.*

Accordingly, because Plaintiffs have failed to effectuate service on Ariel Barker in pursuant to CPLR § 308, this Court lacks personal jurisdiction over her and is without authority to impose any injunctive relief.

### III.  Neither the Complaint, Nor the TRO, Specifies the Basis for Any Action Against Ariel Barker

Plaintiffs assert claims sounding in fraud and civil RICO, yet fail to plead – with the particularity required by Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 9(b).[2]

To satisfy the requirements of Rule 9(b), the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Backer v. USD 30 Billion MTN Programme*, 2017 WL 6387732 (S.D.N.Y. 2017). Because of the devastating effects that a civil RICO claim may have, courts examine such claims with "particular scrutiny" to ensure that the RICO statute is used for the purposes intended by Congress. *Goldfine v. Sichenzia,* 118 F. Supp. 2d 392, 397 (S.D.N.Y.2000). At the very least, such claims must be supported by factual allegations that plausibly set forth a claim. *Iqbal*, 566 U.S. at 678.

Here, the Complaint fails to allege any misrepresentation, omission, predicate act, or knowing participation by Ariel Barker in any alleged scheme. Instead, Plaintiffs improperly lump Ariel Barker together with numerous other defendants, both corporate and individual, without identifying her role, conduct, or alleged intent. This type of undifferentiated group pleading is fatal to both fraud and RICO claims. *See Backer,* 2017 WL 6387732. Courts in this Circuit consistently hold that allegations must be pled separately as to each defendant, particularly where fraud-based claims are asserted. *Id.*

The absence of any individualized allegations against Ariel Barker alone forecloses Plaintiffs from establishing a likelihood of success on the merits – an essential prerequisite for TRO relief.

### IV.  Plaintiffs Have Failed to Establish Irreparable Harm

Plaintiffs' alleged injuries are entirely monetary and expressly quantified. They claim a sum certain – approximately $1,129,000 – in alleged losses. It is well-settled that alleged economic harm compensable by money damages does not constitute irreparable harm warranting injunctive relief. *Lost Lake Holdings LLC v. Town of Forestburgh*, 2023 WL 8947154, at *8 (S.D.N.Y. 2023).

Further undermining Plaintiffs' claim of urgency is their unexplained delay. Plaintiffs allege that the conduct at issue began months before they sought a TRO, yet they waited more than four (4) months to pursue emergency injunctive relief. Such delay is fundamentally inconsistent

---

[2] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).

with any assertion of immediate or irreparable injury and independently requires denial of the Motion.

### V. The Balance of Equities and Public Interest Weigh Strongly Against the Requested Relief

The TRO Plaintiffs seek would impose severe and prejudicial restraints on Ariel Barker absent any showing of personal wrongdoing, imminent harm, or risk of dissipation attributable to her. Granting such relief would upset – not preserve – the status quo and would contravene the principle that injunctive relief is an extraordinary remedy reserved for the clearest of cases.

### VI. Conclusion

In short, Plaintiffs have not met – and cannot meet – the heavy burden required for the issuance of a temporary restraining order as to Ariel Barker. The Motion relies on conclusory assertions, improper group pleading, and speculative harm, none of which justify the drastic relief requested.

For these reasons, Defendant Ariel Barker respectfully requests that the Court deny Plaintiffs' Motion for a TRO and all related injunctive relief as against her.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
420 Lexington Avenue, Suite 2458
New York, NY 10170
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendant Ariel Mermelshtayn Barker*

VIA ECF: All Counsel