UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMITBRIDGE WEALTH MANAGEMENT
LLC and ARNA PREMIER PROPERTY
SOLUTIONS LLC,

     **Plaintiffs,**

- against –

                                          **Case No.: 2:26-cv-00141-JMA-ST**

LIGHTHOUSE ESTATES LLC, CEEKOU LLC,
STARPOINT HOLDINGS LLC, AVS ESTATES
LLC, BLUESTAR CAPITAL LLC, RED DOOR
LEGACY LLC, TAIHE ESTATES LLC,
REDWOODS REAL ESTATE LLC, HIDDEN
GEMS VENTURES, HIDDEN GEMS TC
SERVICES LLC, MARCIA DONALDSON, VAN
LAURENCE BARKER, ARIEL
MERMELSHTAYN BARKER, SIYUAN ZHENG,
JOSHUA JAMES KENNEDY, UNIVERSITY
TITLE CO., MEMBERS TITLE, FIRSTCLASS
TITLE AGENCY,TRUE TITLE ESCROW
AGENT, PERPETUAL TITLE OH, LEGACY
TITLE AND ESCROW, and ELITE TITLE,

     **Defendants.**

### STIPULATION OF PARTIES TO RESOLVE MOTION FOR TEMPORARY RESTRAINING ORDER AGAINST NAMED DEFENDANTS

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the

attorneys of record for these named parties in the above-entitled action, that the following terms

shall bind Defendants **Joshua James Kennedy, Siyuan Zheng,  Red Door Legacy, Lighthouse**

**Estates, Ceekou, Starpoint Holdings, AVS Estates, and Taihe Estates,** for the duration of the

litigation of the above case, in lieu of a Temporary Restraining Order, and Plaintiffs shall

withdraw their Motion for a Temporary Restraining Order as to these named Defendants**.**

## TERMS

1. **Restraint.** All Defendants are prohibited from selling, assigning, transferring, encumbering, pledging, or otherwise disposing of any interest in:
   a) any real property, whether domestic or foreign, presently or previously acquired, held, or marketed by Lighthouse Estates LLC, Ceekou LLC, Starpoint Holdings LLC, AVS Estates LLC, Red Door Legacy LLC, Redwoods Real Estate LLC, Taihe Estates LLC, Bluestar Capital LLC, Bear Capital LLC or any other entity they control, and
   b) any real property, whether domestic or foreign, acquired, held, or marketed using funds originating from Plaintiffs' loans or from other private money lenders in the Lighthouse network, including any proceeds or refinancing of such properties, whether held directly or indirectly, including through nominees, affiliates, or related entities.

2. **Scope of Restrained Assets.** The restraint at Section 1 also expressly extends to:
   a) all bank, brokerage, and crypto accounts, whether domestic or foreign, in the name of any defendant, entity, individual defendant, whether held directly or indirectly, including assets held by nominees, agents, subsidiaries, affiliates, or other related entities, and
   b) all accounts, whether domestic or foreign, into which investor or lender funds were deposited, commingled, or from which they were disbursed.
   c) any accounts or assets, whether domestic or foreign, held in the name of nominees, relatives, shell entities, or affiliates over which Kennedy, Zheng, or the entity defendants exercise direct or indirect control (i.e. BlueStar Capital LLC, Bear Capital, JAL, Next Level Investors LLC, LAB LLC, RPKP, Greypoint Investments LLC, Clear Path Keys LLC, Pink Lotus, LLC, WTO Investors Group LLC, Estella Management LLC, and Hoff Management LLC). This scope shall not include the personal domicile of the parents of Defendant Siyuan Zheng, located at 496 Zhangzhou Rd, Zhoucun District, Zibo, China 255000.

3. **Continuing Duty to Disclose.** The restraint and disclosure obligations at Sections 1 and 2 shall apply to all such assets and accounts, whether domestic or foreign, and whether currently known or hereinafter discovered, and Defendants shall have a continuing duty to supplement disclosures of any assets covered above promptly upon identification. To the extent not otherwise identified, the parties intend such restraint to encompass all debt or property that would otherwise be subject to enforcement under New York CPLR § 5201.

4. **Ordinary course carve-out.** The Restraint of Assets at Sections 1 and 2 does not cover any "ordinary course of business" transactions, which are limited to:
   a) essential property level expenses that preserve collateral value (e.g., taxes, insurance, utilities, basic maintenance),
   b) routine payroll for non-owner employees that are:
      i. paid from clearly identified accounts, and
      ii. tracked and disclosed in a contemporaneous ledger produced weekly to Plaintiffs, or

**c)** ordinary-course personal living expenses of Defendants not exceeding an agreed monthly cap.

There shall, however, be no use of restrained assets for owner draws, insider transfers, consulting fees, "management fees," or any new investments or acquisitions.

5. **Deed-in-lieu / workout language.** Deed-in-lieu or other consensual workout transactions in favor of bona fide third-party private money lenders are permitted but may not include workouts or deeds-in-lieu or deeds in favor of any Defendant, Kentucky Private Lending, Peoples Bank, Bear Capital, Bluestar Capital, Rhino Capital, Hummingbird Aero, or any other entity or individual affiliated, directly or indirectly, with any defendant. All insider adjacent transaction are expressly prohibited absent further order of the Court.

6. **Disclosure and accounting**. Discovery shall include a sworn accounting of:
    a) all bank and financial accounts for each defendant entity and individual defendant for the last 24 months,
    b) all transfers above a reasonable threshold (e.g., $2,000 dollars) to insiders, affiliates, or third parties for that period,
    c) current balances in all such accounts,
    d) all properties in which any defendant has or had a direct or indirect interest in the last 24 months, including status (owned, under contract, sold, in foreclosure, REO, etc.); and
    e) all exchanges of assets and wire transfers involving Bluestar Capital LLC, Bear Capital (including any related entity names or DBAs), Rhino Capital, Hummingbird Aero, Kentucky Private Lending, Starpoint Holdings, Lighthouse Estates, AVS Estates, Red Door Legacy, Taihe Estates, and any other reserve or warehouse capital provider identified in defendants' records as funding, or being repaid from, Lighthouse or Starpoint transactions, including: (i) dates, (ii) sending and receiving accounts, (iii) property or loan IDs tied to each transfer, and (iv) any consideration claimed to have been given in exchange.

7. **Hidden Disbursements on Settlement Agreements/HUDS/Ledgers:** For any transfer of funds identified in Plaintiffs' closing documents, Defendants shall:
    a) identify, for each recipient entities of any "fee", the nature of its relationship (if any) to any Defendant or principal, including ownership, control, or contractual compensation arrangements;
    b) disclose all transfers above an agreed threshold (e.g., $5,000) to or from these recipient entities during the relevant period; and
    c) provide that any assets or accounts of these recipient entities that are shown, through that disclosure and the escrow ledger review, to have received Plaintiffs' lender funds or proceeds of properties funded by those loans are subject to the same freeze and anti-dissipation provisions as apply to Defendants, pending further order of the Court.

8. **Reserve capital and insider vehicles.** Defendants shall:
    a) identify, by full legal name, jurisdiction of formation, and tax ID, Bear Capital, Rhino Capital, RPKP, Hummingbird Aero, and any affiliated entities that have

received transfers from Bluestar, Starpoint, Lighthouse, Kentucky Private Lending, or their principals; and

    b) subject all accounts used by those entities, and any Brian Barker accounts connected to Bluestar/Starpoint/Lighthouse/Hummingbird Aero, to the same freeze, disclosure, and accounting requirements described above, including transaction level wires and asset exchanges.

**9. Preservation obligations.** Defendants shall preserve all business, financial, banking, accounting, corporate, and transactional records—whether physical or electronic—and are prohibited from destroying, altering, concealing, or deleting any such materials, including all communications on personal devices and personal email accounts, messages on any messaging platforms (iMessage, WhatsApp, Signal, Telegram, Facebook, SMS, Slack, etc.), any cloud-storage accounts or accounting software used in connection with the Lighthouse/Starpoint/Ceekou/Bluestar/Bear Capital businesses.

Dated: February 10, 2026

LAW OFFICE OF JEFF CHABROWE
By:

*Jeff Chabrowe*

Jeff Chabrowe
NY Bar 3001328
Law Office of Jeff Chabrowe
521 Fifth Avenue, 17th Floor
New York, NY 10175
(917) 529-3921 phone
(212) 736.3910 fax
jeff@chabrowe.com
*Counsel for Joshua James Kennedy,*
*Siyuan Zheng, Red Door Legacy,*
*Lighthouse Estates, Ceekou, Starpoint*
*Holdings, AVS Estates, and Taihe*
*Estates*

TA LEGAL GROUP, PLLC
By:

Taimur Alamgir, Esq.
205 E Main St., Ste 3-2
Huntington, NY 11743
*Attorneys for Plaintiffs*