**TA LEGAL GROUP PLLC**
WWW.TALEGALGROUP.COM

| | |
|---|---|
| **TAIMUR ALAMGIR, ESQ.** | **TA LEGAL GROUP PLLC** |
| DIRECT: (914) 552-2669 | 205 EAST MAIN STREET, SUITE 3-2 |
| EMAIL: tim@talegalgroup.com | HUNTINGTON, NY 11743 |

February 13, 2026

**VIA ECF**
Honorable Joan M. Azrack
United States District Court
100 Federal Plaza
Central Islip, NY 11722

**Re:** *SummitBridge Wealth Management LLC et al. v. Lighthouse Estates LLC, et al.*
E.D.N.Y. Case No. 26-CV-0141 (JMA) (ST)
**OPPOSITION TO MOTION TO INTERVENE**

Dear Judge Azrack:

I represent Plaintiffs SummitBridge Wealth Management LLC and ARNA Premier Property Solutions. Plaintiffs respectfully submit this Opposition to Kentucky Private Lending, LLC's ("KYPL") Motion to Intervene.

KYPL seeks to intervene purportedly to "protect its interests" in unidentified properties. However, Public UCC filings conclusively demonstrate that **Peoples Bank Corp (herein "Peoples Bank")** holds a blanket security interest in all KYPL assets, including mandatory assignment rights to every note, loan, note, and mortgage KYPL originates. *See* **Ex. A**: UCC Financing Statement No. 2025-3387993-51.01, filed October 27, 2025. As a matter of black-letter UCC law, KYPL does not own the interests it now seeks to assert – Peoples Bank does. A party that has pledged all its assets—including automatic assignment rights to future-originated loans to a senior creditor lacks the requisite "direct, substantial, and legally protectable interest" required for intervention under F.R.C.P Rule 24. KYPL lacks standing to intervene as it is a captive origination vehicle for Peoples Bank's institutional participation in the Lighthouse financing structure, rather than an independent private lender with a direct, legally protectable rights.

This Court should alternatively deny intervention because KYPL fails to identify any specific property interest and because the TRO does not impair KYPL's ability to protect any legitimate interests it may have. Each of these defects independently warrants denial of the motion.

**KYPL LACKS STANDING TO INTERVENE**

Rule 24(a)(2) permits intervention only when the movant "claims an interest relating to the property or transaction." Fed. R. Civ. P. 24(a)(2). Courts interpreting this language have consistently held that the movant must possess a direct, personal, legally enforceable interest. A derivative, contingent, or subordinated interest—particularly one dependent on a third party's superior rights—does not suffice. *In re Kehagias*, 345 F.R.D. 46, 50 (S.D.N.Y. 2023) ("the Second Circuit has observed that the interest must be 'direct, as opposed to remote or contingent' and 'significantly protectable.'"). A debtor operating under a blanket security agreement cannot intervene to protect collateral that secures the creditor's loan. *See, e.g.*, *Masonic Hall & Asylum*

*Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, No. 05-60006, 2006 U.S. Dist. LEXIS 85691, at *14-15 (S.D.N.Y. Nov. 16, 2006) ("creditors of a debtor, not a "creditor of a debtor's creditor," could properly raise objections to the Settlement.")

On November 8, 2022, Peoples Bank filed UCC Financing Statement No. 2022-3237654-26.01, perfecting a security interest in "**All business assets of Kentucky Private Lending, LLC**." *See* Exhibit A: UCC-1 Financing Statements: 10/27/25 and 11/8/2022. This lien encumbered KYPL's entire business enterprise—every note, every mortgage, every account receivable, every piece of equipment, every business record and all after-acquired property. From November 2022 forward, KYPL lacked the legal capacity to originate, own, or enforce a single loan or asset free of Peoples Bank's senior, perfected security interest.

On October 27, 2025, Peoples Bank filed an amended UCC Financing Statement (No. 2025-3387993-51.01) eliminating any ambiguity as to control and ownership. (*Id.*) The collateral description explicitly states:

> Assignment of Eric Payne's membership interest in Kentucky Private Lending LLC; Assignment of Mark Rittiner's membership interest in Kentucky Private Lending LLC; Assignment of Cool Brook, LLC's membership interest in Kentucky Private Lending LLC; Assignment of Bay Mountain Capital, LLC's membership interest in Kentucky Private Lending LLC; Assignment of B3 Equities, LLC's membership interest in Kentucky Private Lending LLC; Assignment of individual notes and mortgages. If the borrower draws funds on the LOC to originate a new loan, the lender requires an assignment of the promissory note and mortgage of each newly originated loan; All Inventory, Accounts and Equipment...

This language is fatal to KYPL's intervention motion. When KYPL made a loan, it did not keep the loan. Instead, the loan was immediately transferred to Peoples Bank. In simple terms, KYPL could not make a loan unless it simultaneously handed that loan over to the bank. Jefferson County land records confirm that this is what happened in practice. Those records show assignments of KYPL-originated mortgages to **Peoples Bank** recorded as a matter of course. They were automatic, mandatory transfers required by the credit facility itself. As a result, KYPL never held title to the loans it originated, even briefly. *See* **Ex. B**: Jefferson County Deeds Search.

Under Kentucky's adoption of Article 9 of the Uniform Commercial Code, once a security interest attaches and is perfected, the secured party—not the debtor—holds the superior legal interest in the collateral. *See* Ky. Rev. Stat. § 355.9-203 (attachment); *id.* § 355.9-322 (priority). Because KYPL contractually relinquished ownership and enforcement rights in the very assets it now seeks to "protect," it cannot satisfy Rule 24(a)(2)'s requirement of a direct, substantial, and legally protectable interest. Its motion to intervene therefore fails as a matter of law.

Moreover, Rule 24 does not permit a party to intervene by proxy, asserting interests that belong to another entity entirely. *Trs. of the Tapers' Ins. v. Albee Drywall Partitions Corp.*, 91 CIV. 1014 (DLC), 1996 U.S. Dist. LEXIS 7644, at *14 (S.D.N.Y. May 31, 1996). KYPL's lack of independence from People's Bank is confirmed by the fact that Eric Payne, KYPL's controlling shareholder pledged his membership interest in KYPL to Peoples Bank. Allowing KYPL to proceed in Peoples Bank's stead would invert Rule 24—conferring the leverage of secured-

creditor status without requiring the true interest holder to submit to the obligations and scrutiny of party participation.

**KYPL'S CLAIMED INTEREST IS FATALLY ABSTRACT**

KYPL describes itself in conclusory terms as a "secured creditor" with mortgage liens but identifies no specific property, recording data, loan document, or date. Counsel's letter seeking leave to file a motion to intervene speaks generically of "several parcels of real property throughout the South and Midwest" without a single address, book and page reference, or instrument number. [Dckt. No. 35]. Rule 24 does not permit a party to claim a blanket, undefined "interest" across an unspecified portfolio without proof and demand a seat at the table. *UPS of Am., Inc. v. Net, Inc.*, 225 F.R.D. 416, 422 (E.D.N.Y. 2005) (denying intervention and ruling that "without any credible proof, Maydak is unable to meet his burden of showing that he has a direct and substantial interest in the subject matter of this suit.") KYPL's failure to identify even one affected property is fatal to its motion.

**THE TRO DOES NOT IMPAIR OR IMPEDE KYPL'S ABILITY TO PROTECT ANY LEGITIMATE INTEREST**

KYPL's impairment argument mischaracterizes the relief sought and misunderstands Rule 24(a)(2)'s requirements. The TRO is a narrowly tailored asset-preservation measure designed to freeze assets under the Lighthouse Defendants' control and prevent dissipation, demolition, or destruction of evidence. It does not adjudicate the validity, priority, or enforceability of any lien, all of which remain expressly reserved for resolution through adversary proceedings or in the appropriate forum. To the extent KYPL has any bona fide interest in preventing dissipation or destruction of collateral, Plaintiffs' emergency TRO already protects that interest. Plaintiffs and KYPL share the same objective: asset preservation. Separate intervention to advance that point is unnecessary and improper where existing parties adequately represent the asserted interest. See *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (intervention only appropriate where existing party adequately represents movant's interests).

**THE INTERVENTION IS MOOT IN VIEW OF PLAINTIFFS' PROPOSED AMENDED COMPLAINT**

By separate motion, Plaintiffs will seek leave to amend the Complaint to pursue *inter alia*, claims against KYPL and People's Bank, based on new information. In view of this intended amendment, the motion to intervene is moot.

Respectfully Submitted,
**TA LEGAL GROUP PLLC**

By: _____
Taimur Alamgir

3