

Matthew B. Anderson
212-261-8412
matthew.anderson@mendes.com

February 27, 2026

**_Via Electronic Filing_**

The Hon. Joan M. Azrack, U.S.D.J.
U.S. District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: *SummitBridge Wealth Management LLC et al v. Lighthouse Estates LLC et al*
      Case No.: 2:26-cv-00141- JMA-ST

Dear Judge Azrack,

  The undersigned is counsel to Defendant Hidden Gems TC Services LLC (HG TC Services) in the above-referenced matter. Pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference seeking leave to file a motion to dismiss, under Rule 12(b)(6), of all claims against HG TC Services.

  As the Court is aware, this action involves allegations that Plaintiffs made various monetary investments into certain real estate ventures offered by the "Lighthouse Defendants"[1] that were ultimately lost. In addition to various title company defendants, Plaintiffs also brought a negligence cause of action against HG TC Services, Hidden Gems Ventures, and Marcia Donaldson (who is alleged to have facilitated the connection between the Plaintiffs and the Lighthouse Defendants).

  HG TC Services seeks dismissal on the same grounds and bases as set forth in co-defendant Hidden Gems Ventures LLC's premotion conference letter (*see generally* Dkt. No. 44). Specifically, HG TC Services seeks dismissal based upon Plaintiffs' failure to state a negligence claim against HG TC Services as they allege no specific negligent conduct on the part of HG TC Services. Instead, Plaintiffs offer vague, conclusory, and impermissibly group-pleaded accusations that do not distinguish among the various Hidden Gems Defendants nor does the Complaint identify any cognizable breach of duty attributable to HG TC Services. Accordingly, the Complaint as against HG TC Services should be dismissed under Rule 12(b)(6). *Rainey v. Cty.of Jefferson*, 2019 WL 6768314, at *1 (N.D.N.Y. Dec. 12, 2019) (plaintiff's negligence claim dismissed as his conclusory references to 'negligent' behavior are legal conclusions that fail to plausibly state a claim under state tort law); *Schwartzco Enters. LLC v. TMH Mgmt.*, 60 F. Supp. 3d 331, 356 (E.D.N.Y. Nov. 17, 2014) (dismissing gross negligence claim due to plaintiffs "hid[ing] behind group pleading" that "fail[ed] to distinguish between defendants").

---

[1] The "Lighthouse Defendants" include Lighthouse Estates LLC, CeeKou LLC, Starpoint Holdings LLC, AVS Estates LLC, Bluestar Capital LLC, Red Door Legacy LLC, Redwoods Real Estate LLC and Taihe Estates LLC.

Moreover, Plaintiffs identify no duty owed by HG TC Services to the Plaintiffs. (*See* Dkt. 1 ¶¶ 40-41.) Rather Plaintiffs rely only on a generalized and legally insufficient theory that HG TC Services was somehow obligated to protect the Plaintiff investors from third-party fraud, absent any fiduciary relationship or special circumstances. *Ascot Fund Ltd. v. UBS PaineWebber, Inc.*, 814 N.Y.S.2d 36, 36 (1st Dep't 2006) (holding broker-customer relationship without discretionary trading authority did not create fiduciary duties).

Plaintiffs' claim is further barred by documentary evidence. The parties' Service Agreement for Funding Partners (Exhibit A) expressly limits HG TC Services' role to administrative transaction coordination, contains a broad hold-harmless provision, and governs the parties' relationship, rendering any alleged duties purely contractual and precluding Plaintiffs from recasting a contract dispute as a tort claim. *Clarendon Nat'l Ins. Co. v. Health Plan Administrators*, 2009 WL3053736, at *4 (S.D.N.Y. Sept. 24, 2009) ("If a plaintiff alleges acts or omissions that are based solely on provisions of a contract, their negligence claim must fail as duplicative.").

For the reasons summarized above, and for such additional reasons as may be set forth in the moving papers, Defendant Hidden Gems TC Services LLC respectfully seeks a pre-motion conference, or in the alternative, leave to file a motion to dismiss. Thank you for your consideration.

Respectfully submitted,

MENDES & MOUNT LLP

/s/ *Matthew B. Anderson*
By: Matthew B. Anderson
750 Seventh Avenue
New York, NY 10019
(212) 261-8412
matthew.anderson@mendes.com

*Attorneys for Defendants Hidden Gems TC Services LLC*

VIA ECF: All Counsel