

Matthew B. Anderson
212-261-8412
matthew.anderson@mendes.com

February 27, 2026

***Via Electronic Filing***
The Hon. Joan M. Azrack, U.S.D.J.
U.S. District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

  Re: *SummitBridge Wealth Management LLC et al v. Lighthouse Estates LLC et al*
     <u>Case No.: 2:26-cv-00141- JMA-ST</u>

Dear Judge Azrack,

  The undersigned represents Defendant Marcia Donaldson in the above-referenced matter. Pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference seeking leave to file a motion to dismiss, under Rules 12(b)(2) and 12(b)(6), of all claims against Ms. Donaldson. This letter summarizes the bases for such a motion.

  The claims against Ms. Donaldson should be dismissed for several reasons including: 1) lack of personal jurisdiction over Ms. Donaldson (a Florida resident); 2) the lack of any alleged facts supporting negligent conduct of Ms. Donaldson; 3) a lack of any allegations establishing a fiduciary or other specialized relationship creating a duty between Ms, Donaldson and the Plaintiffs; and 4) the lack of any basis imputing the alleged negligent actions of a limited liability company onto Ms. Donaldson.

  Plaintiffs' Complaint alleges that the Plaintiffs made various investments of approximately $1.13 million into real estate ventures offered by the "Lighthouse Defendants" (comprised of Lighthouse Estates LLC, CeeKou LLC, Starpoint Holdings LLC, AVS Estates LLC, Bluestar Capital LLC, Red Door Legacy LLC, Redwoods Real Estate LLC and Taihe Estates LLC. (*See* Dkt. No. 1 ¶¶ 27-29). Plaintiffs further allege that the Lighthouse Defendants lost such investments. Finally, Plaintiffs allege that the Lighthouse Defendants, the principals of such entities, and the Title Company Defendants engaged in a conspiracy, fraud, and civil RICO violations. (*See id.* ¶¶ 30-56.)

  However, Plaintiffs do not allege that Ms. Donaldson had any part in the conspiracy, engaged in fraud, or committed any RICO violation. Indeed, Ms. Donaldson has no affiliation with the Lighthouse Defendants nor is one alleged. Plaintiffs only allege a single negligence claim

against Ms. Donaldson that she, as part of the "Transaction Coordinator Defendants" (which also includes Hidden Gems TC Services LLC and Hidden Gems Ventures LLC, hereinafter the "HG LLCs") "facilit[ated]" the connection between Plaintiffs and the Lighthouse Defendants as an introducer. (*Id.* ¶¶ 40-41.) The negligence cause of action alleges Ms. Donaldson (and others) negligently failed to conduct due diligence concerning the Lighthouse Defendants. (*Id.* ¶¶ 66-69.)

First, as a threshold matter, the Complaint sets forth no personal jurisdiction allegations related to Ms. Donaldson, a Florida resident. New York courts routinely grant motions to dismiss under Rule 12(b)(2) when plaintiffs fail to assert any personal jurisdiction allegations or assert conclusory allegations that fail to support a prima facie showing of personal jurisdiction. *See Mirman v. Feiner*, 900 F. Supp. 2d 305, 309 (E.D.N.Y. 2012) (holding that on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), "the Court is not bound by conclusory statements, without supporting facts."); *Orlofsky v. Devlin Grp.*, Inc., No. 08-cv-3635, 2010 WL 11623064, at *2 (E.D.N.Y. Jan. 27, 2010) ("Conclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a prima facie showing of jurisdiction."). Plaintiffs here have alleged no basis whatsoever to support jurisdiction over Ms. Donaldson in her personal capacity and have failed to allege any personal jurisdiction facts entirely. Accordingly, Plaintiffs' action against Ms. Donaldson should be dismissed for lack of personal jurisdiction on this basis alone.

Second, Plaintiffs do not allege any facts that support a conclusion that Ms. Donaldson somehow engaged in any negligent conduct. Specifically, Plaintiffs do not allege any acts that Ms. Donaldson supposedly undertook to contribute to harm. This lack of an allegation requires dismissal of the cause of action against her as a matter of law. *Rainey v. Cty. of Jefferson*, 2019 WL 6768314, at *1 (N.D.N.Y. Dec. 12, 2019) (negligence claim dismissed because conclusory references to 'negligent' behavior are mere legal conclusions that fail to plausibly state a claim for negligence.) *See* also *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).

Plaintiffs appear to allege that Ms. Donaldson owed some form of a generalized duty to protect investors from third party fraud, without any allegations of a fiduciary relationship or other special circumstances. (*See* Dkt. 1 ¶¶ 40-41.) This theory and pleading is legally insufficient and requires a dismissal. *Ascot Fund Ltd. v. UBS PaineWebber, Inc.*, 814 N.Y.S.2d 36, 36 (1st Dep't 2006) (affirming that broker-customer relationship without discretionary trading authority did not create fiduciary duties) *Galbraith v. City of Buffalo*, 2025 WL 3456169, at *10 & n.17, *20 (W.D.N.Y. Oct. 20, 2025) (dismissing negligence claim where plaintiff identified no duty outside of contract and relied on "improper group pleading").

Plaintiffs otherwise improperly set forth a series of allegations that are not specifically attributed to Ms. Donaldsons. Such group-pleaded allegations, combined with the failure to allege a cognizable breach on the part of Ms. Donaldson, establish that the Plaintiffs have failed to state a claim for negligence. *Schwartzco Enters. LLC v. TMH Mgmt.*, 60 F. Supp. 3d 331, 356 (E.D.N.Y. Nov. 17, 2014) (dismissing gross negligence claim due to plaintiffs "hid[ing] behind group pleading" that "fail[ed] to distinguish between defendants").

In addition, Plaintiffs' cause of action against Ms. Donaldson does not survive based upon her alleged involvement with the remaining two Transaction Coordinator Defendants. Owners of

limited liability companies are not liable for the debts of the companies under negligence causes of action. *See, e.g.*, *Morris v. N.Y.S. Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 140–41, 603 N.Y.S.2d 807, 623 N.E.2d 1157 (1993) (holding that owners are normally not liable for the debts of the corporation). Plaintiffs' Complaint merely names Ms. Donaldson as one of the Transaction Coordinator Defendants without further explanation. Rather Plaintiffs make only general assertions about Ms. Donaldson's alleged control of the HGV Defendants. *See* ECF Dkt. No. 1 at ¶¶ 19-21. Purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under [Rule 8(a)'s] liberal notice pleading standard. *In re Currency Conversion Fee Antitrust Litig.*, 265 F.Supp.2d at 426; see also *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir.1996) (dismissing alter-ego claim where complaint was "devoid of any specific facts or circumstances supporting" plaintiff's conclusory allegations concerning defendant's domination of its subsidiary).

For the foregoing reasons, Defendant Donaldson respectfully seeks a conference to set a briefing schedule for a motion to dismiss. Thank you for your consideration.

Respectfully submitted,

MENDES & MOUNT LLP

/s/ *Matthew B. Anderson*
By: Matthew B. Anderson
750 Seventh Avenue
New York, NY 10019
(212) 261-8412
matthew.anderson@mendes.com

*Attorneys for Defendant Marcia Donaldson*

VIA ECF: All Counsel