**HARRIS BEACH MURTHA**
ATTORNEYS AT LAW

March 24, 2026

100 Wall Street
New York, New York 10005
212.687.0100

**Ross B. Hofherr**
Member
Direct:    (212) 313.5482
Fax:       (212) 687.0659
rhofherr@harrisbeachmurtha.com

**Via Electronic Filing**
The Hon. Joan M. Azrack, U.S.D.J.
U.S. District Court, Eastern District of New York
100 Federal Plaza
Courtroom 920
Central Islip, NY 11722

RE:    *SummitBridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al.*
       Case No.: 2:26-cv-001410JMA-ST

Dear Judge Azrack:

The undersigned is counsel to Defendant Hidden Gems TC Services LLC ("HG TC Services") in the above-referenced matter.  Pursuant to Your Honor's Individual Rules, we write to request a pre-motion conference seeking leave to file a motion to dismiss all claims against HG TC Services pursuant to Rule 12(b)(6).

This action involves allegations that Plaintiffs made various monetary investments into certain real estate ventures offered by the "Lighthouse Defendants" that were ultimately lost. Plaintiffs bring a negligence cause of action against HG TC Services, Hidden Gems Ventures, and Marcia Donaldson, who are alleged to have facilitated the transactions between Plaintiffs and the "Lighthouse Defendants."[1]

The claims against HG TC Services should be dismissed for several reasons including: 1) Plaintiffs' fail to state a negligence claim against HG TC Services; 2) Plaintiffs fail to allege a duty owed to Plaintiffs by HG TC Services; and 3) the parties' underlying service agreement bars Plaintiffs' claims.

As an initial matter, HG TC Services seeks dismissal  based upon Plaintiffs' failure to state a negligence claim against HG TC Services as they allege no specific negligence conduct on the part of same. Plaintiffs' negligence claim against HG TC Services is impermissibly vague and rests entirely on group-pled allegations that fail to distinguish among the so-called "Transaction Coordinator Defendants."[2] Plaintiffs repeatedly lump HG TC Services together with Hidden Gems Ventures LLC and Marcia Donaldson, attributing sweeping assertions of "negligence," "failure to conduct due diligence," and "facilitation" of the Lighthouse "scheme" to all Transaction Coordinator Defendants collectively, without identifying any specific negligent act by HG TC

---

[1] The "Lighthouse Defendants" include Lighthouse Estates LLC, CeeKou LLC, Starpoint Holdings LLC, AVS Estates LLC, Bluestar Capital LLC, Red Door Legacy LLC and Taihe Estates LLC.
[2] The "Transaction Coordinator Defendants" include Hidden Gems TC Services LLC, Hidden Gems Ventures LLC, and Marcia Donaldson.

1



Services itself. (*See* Dkt. 45 ¶¶87-88, 108) Accordingly, the Amended Complaint should be dismissed pursuant to Rule 12(b)(6). *See Rainy v. City of Jefferson*, 2019 WL 678314, at *1 (N.D.N.Y. Dec. 12, 2019) (plaintiff's negligence claim dismissed as his conclusory references to 'negligent behavior' fail to plausibly state a claim under state tort law);  *Romualdo v. Guru Krupa 104 Corp.,* No. 19-CV-5188, 2023 WL 6167614, at *8 (E.D.N.Y. Sept. 1, 2023);  Farmer v. Cnty. of Westchester, No. 18 CIV. 2691, 2021 WL 4199944, at *7 (S.D.N.Y. Sept. 15, 2021) (dismissing complaint under  where the vast majority of allegations relating to the defendant were jointly alleged against most of the other [d]efendants without providing any factual basis to distinguish their conduct).

Additionally, Plaintiffs fail to identify any duty owed by HG TC Services to them, instead relying on generalized and legally insufficient theory that HG TC Services was obligated to protect the Plaintiff investors from third party fraud, absent any fiduciary relationships or special circumstances. (*See* Dkt. 45 ¶¶ 40-41). *See Cohen v. Avanade, Inc.*, 874 F.Supp.2d 315, 327 (2012) (dismissing plaintiff's negligence claims after the court noted the complaint failed to state what duty of care defendants owed let alone how they breached that duty).

Plaintiffs' claim is further barred by documentary evidence. The parties' Service Agreement for Funding Partners (Exhibit A) expressly limits HG TC Services' role to administrative transaction coordination, contains a broad hold-harmless provision, and governs the parties' relationship, rendering any alleged duties purely contractual and precluding Plaintiffs from recasting a contract dispute as a tort claim. *Clarendon Nat'l Ins. Co. v. Health Plan Administrators*, 2009 WL3053736, at *4 (S.D.N.Y. Sept. 24, 2009) ("If a plaintiff alleges acts or omissions that are based solely on provisions of a contract, their negligence claim must fail as duplicative.").

For the reasons summarized above, and for such additional reasons as may be set forth in the moving papers, Defendant Hidden Gems TC Services LLC respectfully seeks a pre-motion conference, or in the alternative, leave to file a motion to dismiss. Thank you for your consideration.

Respectfully Submitted,

Ross B. Hofherr

2