TA LEGAL
GROUP
PLLC

WWW.TALEGALGROUP.COM

**TAIMUR ALAMGIR, ESQ.**
DIRECT: (914) 552-2669
EMAIL:  tim@talegalgroup,com

**TA LEGAL GROUP PLLC**
205 EAST MAIN STREET, SUITE 3-4
HUNTINGTON, NY 11743

April 13, 2026

**VIA ECF**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court,
Eastern District of New York
100 Federal Plaza,
Central Islip, New York 11722

**Re:** *Summitbridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al.*, **Case No.  2:26-cv-00141-JMA-ST**

**Plaintiffs' Opposition to Defendant Ariel Mermelshtayn Barker's Pre-Motion Letter Seeking Leave to File a Motion to Dismiss (ECF No. 58)**

Dear Judge Azrack:

This firm represents Plaintiffs. We respectfully oppose the pre-motion conference letter filed by Defendant Ariel Mermelshtayn Barker ("A. Barker") seeking leave to dismiss the First Amended Verified Complaint ("FAC"). ECF No. 58 advances three arguments: (1) defective service under CPLR § 308, (2) no specific factual allegations attributable to her, and (3) failure to plead with Rule 9(b) particularity. None withstands scrutiny. Leave to file should be denied, or in the alternative, and out of an abundance of caution, Plaintiffs request leave to file a Second Amended Complaint.

## I.    The Service Objection Does Not Warrant Dismissal.

A. Barker contends that defective service under CPLR § 308(2) deprives this Court of jurisdiction. ECF No. 58 at 2. That argument conflates two distinct legal concepts. CPLR § 308(2) governs *how* a defendant is served; CPLR § 302(a)(3) governs *whether* this Court may exercise jurisdiction over a non-domiciliary. A defect in the former does not negate the latter. This Court has personal jurisdiction over A. Barker under § 302(a)(3) because she held control positions in entities that committed tortious acts outside New York—soliciting New York-based Plaintiffs, entering contracts with them, and causing direct financial injury in this District. FAC ¶¶ 9–11, 27. Jurisdiction independently exists under RICO's nationwide service provision, 18 U.S.C. § 1965(b). Moreover, A. Barker has appeared through retained counsel, opposed the TRO on the merits, and now seeks affirmative relief—conduct that constitutes consent to the Court's authority. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).

Moreover, the FAC was served on A. Barker's counsel via ECF under Fed. R. Civ. P. 5(a)(1)(B) and 5(b)(2)(E), which govern service of pleadings filed after the original complaint on parties who have appeared. Independent of any service issue, jurisdiction exists under RICO's nationwide service provision, 18 U.S.C. § 1965(b), which extends jurisdiction over additional enterprise

participants once jurisdiction is established over at least one defendant under § 1965(a) and "the ends of justice" require that other parties be brought before the court. *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998). This Court unquestionably has jurisdiction over the core Lighthouse Defendants, who directed fraudulent communications into this District and contracted with New York-based Plaintiffs. FAC ¶¶ 9–11. A. Barker—an 81% owner of the primary enterprise entity who signed guarantees on enterprise loans and participated in enterprise decision-making—cannot be adjudicated separately without fracturing this litigation. Jurisdiction also exists under N.Y. C.P.L.R. § 302(a)(3), which confers jurisdiction over a non-domiciliary who commits a tortious act outside New York causing injury within the state, where the defendant derives substantial revenue from interstate commerce and should reasonably expect her acts to have consequences in New York. A. Barker held control positions in entities that solicited New York-based Plaintiffs through interstate communications, entered into loan agreements with them, and caused direct financial injury in this District. FAC ¶¶ 9–11, 27. Each element of § 302(a)(3) is satisfied.

Even if a technical defect were established, the remedy is to quash service and permit re-service—not to extinguish well-pleaded claims. *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) (Rule 4 construed liberally where party has received actual notice).

## II.    The FAC Pleads A. Barker's Role with Legally Sufficient Specificity.

A. Barker's central contention—that the FAC "contains no specific factual allegations attributing fraudulent conduct or actionable wrongdoing to her" (ECF No. 58 at 1)is incorrect on its face. The FAC alleges that A. Barker held ownership interests and control positions in three core enterprise entities: Lighthouse Estates LLC (the primary acquisition and borrowing vehicle), AVS Estates LLC (used to conceal commingling and misuse of lender funds), and Red Door Legacy LLC (a shell entity holding interests in properties financed with Plaintiffs' funds). FAC ¶¶ 15, 18, 20. It further alleges that she "participated in enterprise decision-making related to property acquisitions and lender communications." FAC ¶ 27.

Those allegations rest on a documentary foundation Opposing Counsel's application ignores. The enterprise's own solicitation materials—transmitted to prospective lenders in interstate commerce to induce investment—identify A. Barker as an 81% owner of Lighthouse Estates LLC, describe her role as guarantor and co-guarantor for enterprise properties, state that "refinancing moves smoother when Ariel is also on the deed," and present her personal credit score (735–750) as a core operational feature of the enterprise. These were not incidental disclosures. They were marketing representations designed to induce reliance by Plaintiffs and other lenders. Beyond those materials, A. Barker personally signed promissory notes, personal guarantees, and recorded mortgage instruments in connection with transactions funded by Plaintiffs—each a discrete, individually attributable act of knowing participation in the enterprise's affairs.

Where defendants are insiders or affiliates participating in the presentation of solicitation materials, " "no specific connection between fraudulent representations in [the] Offering Memorandum and particular defendants is necessary." *Luce v. Edelstein*, 802 F.2d 49, 55 (2d Cir. 1986). An 81% owner whose guarantor role, deed placement, and credit profile were marketed to lenders as reasons to trust the enterprise, and who personally executed guarantees and mortgage

instruments on enterprise transactions, cannot plausibly characterize herself as uninvolved. These individualized acts satisfy the "conduct or participate" standard of 18 U.S.C. § 1962(c). *Reves v. Ernst & Young*, 507 U.S. 170, 177–79 (1993).

The cases A. Barker cites—*Backer v. USD 30 Billion MTN Programme*, 2017 WL 6387732 (S.D.N.Y. 2017), and *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392 (S.D.N.Y. 2000)—involved complaints devoid of any defendant-specific factual allegations. That is categorically not this case. The FAC identifies A. Barker by name in four separate paragraphs, attributes to her specific ownership interests, specific entity roles and specific transactional participation through signed instruments. FAC ¶¶ 15, 18, 20 and 27. Under *Ashcroft v. Iqbal*, 556 U.S., 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S., 544 570 (2007), the inference that an 81% owner who signed guarantees on enterprise loans, executed recorded mortgage instruments, and was marketed to lenders as the enterprise's credit infrastructure had knowing participation in the enterprise's affairs is not merely plausible—it is the most natural reading of the pleaded facts.

### III.    In the Alternative, Leave to Amend Should Be Granted.

Should the Court conclude that any aspect of the FAC requires additional specificity as to A. Barker, Plaintiffs respectfully cross-move under Fed. R. Civ. P. 15(a)(2) for leave to file a comprehensive Second Amended Complaint within forty-five days. Leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). No discovery has occurred, A. Barker has not answered, and amendment at this stage is "ordinarily" granted. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). The Second Amended Complaint will plead A. Barker's role with full documentary specificity—including her signed instruments identified by transaction, date, entity, and dollar amount—and will simultaneously add newly identified defendants whose roles in aiding the enterprise are now documentable, avoiding piecemeal amendments.

### Conclusion.

Leave to file should be denied. In the alternative, Plaintiffs request leave to file a comprehensive Second Amended Complaint within forty-five days.

Respectfully submitted,

By: _____

Taimur Alamgir, Esq.

cc: All Counsel of Record (via ECF)