TA LEGAL GROUP PLLC

WWW.TALEGALGROUP.COM

**TAIMUR ALAMGIR, ESQ.**
DIRECT: (914) 552-2669
EMAIL: tim@talegalgroup,com

**TA LEGAL GROUP PLLC**
205 EAST MAIN STREET, SUITE 3-4
HUNTINGTON, NY 11743

April 13, 2026

**Via ECF**

Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:** ***Summitbridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al.*, Case No. 2:26-cv-00141-JMA-ST**

**Plaintiffs' Opposition to Defendant Bluestar Capital LLC's Pre-Motion Letters Seeking Leave to File a Motion to Dismiss (ECF Nos. 49 and 55)**

Dear Judge Azrack:

This firm represents Plaintiffs in the above-captioned matter. We respectfully oppose the two pre-motion conference letters filed by Defendant Bluestar Capital LLC ("Bluestar"): ECF No. 49 (March 3, 2026, directed at the original Complaint) and ECF No. 55 (March 24, 2026, directed at the First Amended Verified Complaint ("FAC")). ECF No. 49 is moot. ECF No. 55 advances no argument with any prospect of success. Leave to file should be denied.

## I. ECF No. 49 Is Moot.

ECF No. 49 was directed at the original Complaint. On March 10, 2026, Plaintiffs filed the FAC as of right under Fed. R. Civ. P. 15(a)(1). An amended complaint supersedes the original "in its entirety" and renders it "of no legal effect." *International Controls Corp. v. Vesco*, 556 F. 2d 665, 668 (2d Cir. 1977). ECF No. 49 should be disregarded without further briefing.

## II. ECF No. 55 Fails on Every Ground Asserted.

### A. The FAC Does Not "Lump" Bluestar; It Pleads Defendant-Specific Conduct with Full Rule 9(b) Particularity.

Bluestar's central contention is that it "remains lumped together with eleven other defendants." ECF No. 55 at 1-2. The text of the FAC refutes both assertions. The FAC dedicates eight paragraphs to Bluestar alone (FAC ¶¶ 19, 67–72, 83, 88) and pleads three distinct, documented theories of fraud of Bluestar-specific conduct with the *who, what, when, where*, and *how* particularity Rule 9(b) demands. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). **First: Emergency Capital Infusion.** In August–September 2025, Brian Barker, acting through Bluestar, wired several hundred thousand to over one million dollars into Starpoint/Lighthouse accounts with actual knowledge of—or reckless disregard for—the enterprise's insolvency and

inability to meet existing lender obligations. FAC ¶¶ 19, 68–69. The transfer was made via interstate wire to sustain a Ponzi-like scheme long enough to induce Plaintiffs' subsequent investments. FAC ¶ 72. This constitutes wire fraud under 18 U.S.C. § 1343. *United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000). **Second: Fabricated HUD-1 Invoices.** The enterprise created fictitious invoices in Bluestar's name, submitted them to title companies for embedding as line items in HUD-1 settlement statements. Title companies disbursed Plaintiffs' own closing proceeds directly to Bluestar under fictitious services never rendered. FAC ¶ 70. Bluestar "necessarily knew the invoices were fabricated." *Id.* The knowing receipt of criminally derived funds exceeding $10,000 constitutes money laundering under 18 U.S.C. § 1957. FAC ¶ 72. **Third: Emergency Lending.** Bluestar advanced $30,000 and demanded $35,000 within one week, giving it continuous, real-time visibility into the enterprise's deteriorating cash position. FAC ¶ 71.

Bluestar recharacterizes these allegations as merely showing it "infused cash into a purportedly troubled entity" whose "contribution was disclosed." ECF No. 55 at 2. This ignores the fabricated invoices, the recurring weekly lending that gave Bluestar continuous visibility into the enterprise's cash position, and the knowing receipt of Plaintiffs' funds through fraudulent disbursements for fictitious services—none of which was disclosed. The cases Bluestar cites—*Sofi Classic*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006), and *Worldwide Directories*, S.A. De C.V. et. al. v. Yahoo! Inc., et. al. 2016 U.S. Dist. LEXIS 44265 (14-cv-07349, S.D.N.Y. 2016)—involved complaints devoid of defendant-specific allegations. That is not this case here.

### B. The FAC Pleads Two Distinct RICO Predicate Acts Against Bluestar.

Bluestar contends Plaintiffs have alleged "no such allegations of two predicate acts" and "no allegation[s] of continued criminal activity." ECF No. 55 at 2. The FAC pleads two independent predicate acts: (1) wire fraud under 18 U.S.C. § 1343 through the interstate wire transfer of emergency capital into a known-insolvent enterprise (FAC ¶¶ 72, 91(g)); and (2) money laundering under 18 U.S.C. § 1957 by which Bluestar engaged in monetary transactions involving criminally derived proceeds exceeding $10,000 via fabricated HUD-1 disbursements (FAC ¶¶ 72, 92). These are distinct acts, through distinct mechanisms, at distinct points in time. *United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000). The acts are related and span a scheme operating from on or about December 2024 through December 2025. Bluestar's own authority, *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989), holds that RICO's pattern requirement is applied flexibly. Continuity is independently established by the Ponzi scheme's open-ended nature, which would have continued but for V. Barker's December 2025 federal arrest. FAC ¶ 94. *GICC Capital Corp. v. Technology Finance Group, Inc.*, 67 F.3d 463 (2d Cir. 1995).

### C. The Rule 10(b), Definitional, and Enterprise Arguments Are Meritless; the FAC Properly Pleads an Association-in-Fact Enterprise

Bluestar argues FAC ¶ 19 contains "five separate, unrelated substantive allegations" violating Rule 10(b). ECF No. 55 at 2–3. To be clear, Courts have recognized that the function of pleadings under the FRCP is to give fair notice of the claim…a generalized summary of the case that affords fair notice is all that is required. *U.S. v. Iroquois Apartments, Inc*., 21 F.R.D. 151, 152 (E.D.N.Y., 1957). The allegations describe three interconnected components of Bluestar's enterprise participation. Bluestar's definitional argument—that ¶ 1 includes Bluestar in the "Lighthouse

Defendants" while ¶ 83 separates it—is not a defect. It is the structure of a properly pleaded RICO enterprise. FAC ¶ 83 expressly states that "the Lighthouse Defendants *and* Defendant Bluestar Capital LLC, together constituted an 'association-in-fact' enterprise." Bluestar is identified separately because its role—as financial backer and proceeds recipient—is distinct from the borrower/operator defendants. That distinction is not merely intentional; it is required. The RICO person and the enterprise must be distinct, and while "a corporate entity may not be both the RICO person and the RICO enterprise under section 1962(c)," this "does not foreclose the possibility of a corporate entity being held liable as a defendant under section 1962(c) where it associates with others to form an enterprise that is sufficiently distinct from itself." *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2d Cir. 1994) (holding that "a defendant may be a RICO person and one of a number of members of the RICO enterprise"). *See also Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 669 (2d Cir. 1989).

The enterprise also satisfies all three structural requirements of *Boyle v. United States*, 556 U.S. 938, 946 (2009): (i) *purpose*—enrichment through fraudulent inducement of PML investments and misappropriation of investor funds (FAC ¶ 85); (ii) *relationships*—defined roles with the Lighthouse entities as borrowers/operators controlled by V. Barker, Kennedy and Mermelshtayn, and Bluestar as the financial backer providing emergency capital and receiving fraud proceeds (FAC ¶¶ 83, 86, 88); and (iii) *longevity*—operation from at least December 2024 through December 2025 (FAC ¶ 94).

### D.      This Court Has Personal Jurisdiction Over Bluestar.

Bluestar argues it is not a New York entity and its members reside in Kentucky and California. ECF No. 55 at 3. Jurisdiction exists on 3 independent grounds, any one of which is sufficient. **First,** under 18 U.S.C. § 1965(a), this Court has personal jurisdiction over the core Lighthouse Defendants—V. Barker, Mermelshtayn, Kennedy, and the Lighthouse LLCs sent fraudulent communications to this District, contracted with New York Plaintiffs, and caused financial harm here. FAC ¶¶ 11, 26–29. Once jurisdiction is established over at least one defendant under § 1965(a), § 1965(b) extends nationwide jurisdiction over "other parties" wherever "the ends of justice require that [they] be brought before the court." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998). The ends of justice manifestly require Bluestar's presence here: as an integral financial participant in the same enterprise—providing the capital infusions that sustained the fraud. Bluestar cannot be adjudicated separately without fracturing this litigation across multiple jurisdictions, precisely the outcome § 1965(b) was enacted to prevent. *Id.* **Second,** N.Y. C.P.L.R. § 302(a)(3) independently confers jurisdiction over Bluestar, a nondomiciliary who commits a tortious act outside NY causing injury within the state. FAC ¶¶ 10, 68–72. **Third**, due process is satisfied because the enterprise deliberately targeted New York lenders to wire funds into a Ponzi scheme, and Bluestar's conduct was integral to sustaining that targeting. FAC ¶¶ 74–76.

### III.     Conclusion.

Leave to file should be denied.

Respectfully submitted,

By: _____

Taimur Alamgir, Esq.

cc: All Counsel of Record (via ECF)