HAYES & SCHANZER LLP
43 West 43rd St., Suite 195
New York, NY 10036-7424
(917) 770-0180 • ahayes@hayesschanzer.com

May 7, 2026

**VIA ECF**

Hon. Steven L. Tiscione
United States Magistrate Judge
United States District Court, Eastern District of New York
Long Island Federal Courthouse, 100 Federal Plaza
Central Islip, NY 11722

> **Re:** *Summitbridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al.,*
> No. 2:26-cv-00141 (JMA) (ST)

Dear Judge Tiscione:

The undersigned appeared as counsel for the Plaintiffs in this action last week, and will be taking the lead going forward. This letter is respectfully submitted to address the following points:

1. Hayes & Schanzer LLP has been retained by over 120 individual victims of the Ponzi scheme, whose claims represent over 70% of the out-of-pocket damages suffered by the class.

2. Substantially all of our clients intend to promptly exercise their contractual right, set forth in their mortgages in the event of a default, to (a) appoint a receiver to manage their properties, and (b) compel the payment of tenant rents (which, under the mortgages, have been assigned to each plaintiff) directly to accounts maintained by each plaintiff, or to their receiver(s).

3. Neither the defendants who stipulated to the Temporary Restraining Order as of Feb. 10, 2026 [ECF doc. 38], nor the additional defendants bound by the Court's minute order granting the TRO generally on April 15, 2026 hearing [ECF doc. 73]), have complied with any part of that Order. Instead, the three main individual defendants have each refused to appear for depositions next week (noticed on April 20, 2026) regarding their TRO compliance. BlueStar Capital, another defendant served with a deposition notice and document request returnable next week, has also indicated that it will neither appear nor produce any documents.

4. Given the defendants' complete stonewalling, Plaintiffs object to Mr. Chabrowe's withdrawal [ECF doc. 75] at this time, as it threatens to delay the principal defendants' overdue compliance with the TRO. To detail this concern and explain the relief sought regarding Defendants' non-compliance, following is a summary of the names and roles of Mr. Chabrowe's clients:

- Lighthouse Estates LLC, the main vehicle of the Ponzi scheme, is owned and managed by the now-incarcerated Van Laurence Barker, his friend Joshua James Kennedy, and his sister-in-law Ariel Barker.

- StarPoint Holdings LLC, also owned and managed by Van Barker, Kennedy, and Ariel Barker, is described in a pitch deck circulated by defendant BlueStar Capital (*see below*) as the conduit of investor funds from BlueStar into the Lighthouse enterprise.

- <u>Siyuan Zheng</u> is Van Barker's wife and reportedly the co-owner of several defendants.

- <u>AVS Estates, LLC</u> is used to own certain properties; the name is apparently an acronym of **A**riel Barker, **V**an Barker, and **S**iyuan Zheng (reportedly its owners).

- <u>Ceekou LLC,</u> another holding company, listed as owned by Curran Barker and Zheng.

- <u>Taihe Estates LLC</u> is a property holding company reportedly owned by Zheng.

- <u>Red Door Legacy LLC</u> owns a large number of houses, and was often a counterparty in Lighthouse's property-flipping transactions. Red Door's reported members include Kennedy, Van Barker, Curran Barker, Ariel Barker, and a banker named Eric Payne, who is a member of Kentucky Private Lending LLC, which was a principal funder of Lighthouse itself.

In sum, while Mr. Chabrowe does not represent Van or Ariel Barker, he does represent the half-dozen LLCs that they and their family members own, and which they used to carry out the alleged Ponzi scheme. Mr. Chabrowe confirmed to me last week that his clients were aware of their obligations under the TRO, and promised to relay my grave concern that his clients were courting contempt. Instead of offering any compliance *at all*, Mr. Chabrowe's clients have now prompted him to seek to withdraw – while BlueStar Capital, another key Barker entity (though not one of Mr. Chabrowe's clients) is also ignoring its own discovery requests.

Plaintiffs therefore respectfully submit that Mr. Chabrowe's motion be granted only after *all* of his clients have (1) identified an attorney or other person who will be responsible for producing their TRO-required disclosures *forthwith*, with that production to be completed by next Wednesday, May 13, and (2) offer dates to appear for their noticed TRO-compliance depositions between May 13 and 15, 2026. We also ask that BlueStar Capital ordered to do the same.

Regarding my clients' intention to appoint their own receivers and exercise their right to the assigned rents, Plaintiffs respectfully submit that next Friday, May 15, 2026 is also ample time for Defendants to show cause why they should not be bound by their waiver of any objection to the appointment of a receiver, and enjoined to immediately turn over all rent payments from the defaulted properties to that receiver or to accounts designated by the lenders themselves – and provide contact information for each of the tenants at each of their properties.

We are of course available at the Court's convenience to discuss the above or any other matter related to this action. We thank the Court for its consideration.

Respectfully submitted,

**HAYES & SCHANZER LLP**

By: *Andrew W. Hayes*
Andrew W. Hayes, Esq.
43 West 43rd St., Suite 195
New York, NY 10036-7424
(917) 770-0180
ahayes@hayesschanzer.com
*Attorneys for Plaintiffs*

cc:     All counsel of record (via ECF)