# HAYES & SCHANZER LLP

43 West 43rd St., Suite 195
New York, NY 10036-7424
(917) 770-0180 • ahayes@hayesschanzer.com

May 15, 2026

<u>**VIA ECF**</u>

Hon. Joan M. Azrack
United States District Judge
United States District Court, Eastern District of New York
Long Island Federal Courthouse, 100 Federal Plaza
Central Islip, NY 11722

> **Re:** *Summitbridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al.,*
> No. 2:26-cv-00141 (JMA) (ST)

Dear Judge Azrak:

The undersigned are counsel for the plaintiffs in the above action, and to 128 other persons who have retained our firm to add their claims to the Second Amended Complaint in this action. We write to ask the Court's indulgence of a short extension to file that amended pleading, to May 26, 2026, and – for the reasons set forth below - for permission to file a Notice of Joinder under FRCP 20(a)(1) on behalf of each of those new plaintiffs, in advance of the amendment.

Before explaining this unusual procedure and giving an updated response to one of the Court's questions at that hearing, we should add that we have reached out to defense counsel, and none of them have indicated that they oppose the requested extension of time or the filing of the proposed notice of joinder.

The extension of time to file the SAC is requested so that we can finish indexing and digesting the 200+ additional transactions and related documents of the 128 persons who have retained this office to represent them as individual plaintiffs after the April 15, 2026, hearing.

The request for leave to file a notice of joinder of these new plaintiffs before filing the SAC is prompted by some unfortunate conduct by the counsel who filed a copycat action on April 20, 2026 in the Western District of Kentucky (*Cervantez-Tkac et al. v. Barker et al.*, Case No. 3:26-cv-00280-CHB). This purported class action, with just one named plaintiff, was filed by a Chicago firm (Loftus & Eisenberg) who had been interviewed by the Lighthouse victims as prospective new counsel in this action. After failing to win the group's confidence, the Loftus firm filed both a class action *and* an emergency order to show cause, asking the Kentucky court to appoint an equity receiver over all of the victims' properties (located in seven states), and the assets of each of the defendants and their affiliates and their parent entities (including persons and businesses in California, Florda, and other states besides Kentucky), and to issue an anti-suit injunction on any victim pursing any individual claims against any affiliate of any defendant.

After that filing, the Loftus firm invited all of the Lighthouse victims to a Zoom meeting, to urge them to support that action. Loftus' pitch was supported by some questionable assertions

(circulated in advance by Loftus' client, in writing), *e.g.*, "<u>the TRO is already threatened, and it is unenforceable without a receivership.</u>" Without disclosing that Loftus' designated receiver and receiver's counsel would bill at over $2,000 per hour, Loftus' client also wrote: "A receivership is the only thing that could protect our claim and our process from the significant risk of a bankruptcy filing".

After hearing Loftus' presentation, and after the second of two Zoom calls between the undersigned and dozens of the Lighthouse victims, totaling over five hours of discussion of my experience and litigation strategy, <u>about 90% of the Lighthouse victims chose to retain our firm</u>. That is a heartening vote of confidence, but also a major responsibility, and a task to organize our new clients' material into an amended pleading.

Instead of accepting the decision of nearly all of his proposed class to retain other counsel, Loftus has doubled down. He filed some of my confidential attorney-client communications in the Kentucky court, claiming they justified the appointment of his receiver, and his client has told some of my clients that they will not "actually" be included in the Second Amended Complaint. Those whispers prompted clients to ask what I could do to confirm that each of our new clients will be recognized as plaintiffs in their own right. As a response – and after asking the defendants if they opposed this relief (and none did) – we respectfully ask the Court for leave to file a Notice of Joinder under FRCP 20(a)(1) now, identifying each of those new plaintiffs as joining in the RICO claim alleged, in advance of detailing the facts of their claims in the SAC on May 26, 2026.

Relatedly, as a matter of case management, we would like to report that plaintiffs are in the process of negotiating settlements and tolling agreements with certain defendants and other parties who are not yet defendants, but who are on notice that they may be added to the case going forward.

Lastly, we apologize for making any scheduling request at the last hour, even when they are unopposed. I had planned to ask the defendants' consent to notice of joinder earlier this week, but did not do so until last night.

We are of course available at the Court's convenience to discuss the above or any other matter related to this action.

Respectfully,

**HAYES & SCHANZER LLP**

By: *Andrew W. Hayes*
  Andrew W. Hayes, Esq.
43 West 43rd St., Suite 195
New York, NY 10036-7424
(917) 770-0180
ahayes@hayesschanzer.com
*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)