**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SUMMITBRIDGE WEALTH MANAGEMENT LLC and ARNA PREMIER PROPERTY SOLUTIONS L LC,

     Plaintiffs,

- against -

LIGHTHOUSE ESTATES LLC, CEEKOU LLC, STARPOINT HOLDINGS LLC, AVS ESTATES LLC, BLUESTAR CAPITAL LLC, RED DOOR LEGACY LLC, TAIHE ESTATES LLC, REDWOODS REAL ESTATE LLC, HIDDEN GEMS VENTURES, HIDDEN GEMS TC SERVICES LLC, MARCIA DONALDSON, VAN LAURENCE BARKER, ARIEL MERMELSHTAYN BARKER, SIYUAN ZHENG, JOSHUA JAMES KENNEDY, UNIVERSITY TITLE COMPANY, MEMBERS TITLE, FIRST CLASS TITLE AGENCY, TRUE TITLE ESCROW AGENT, PERPETUAL TITLE OH, LEGACY TITLE AND ESCROW, and ELITE TITLE,

     Defendants.

Case No.: 2:26-cv-00141-JMA-ST
**SUPPLEMENTAL DECLARATION JEFF CHABROWE, ESQ., MOTION TO WITHDRAW**

## SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

I, Jeff Chabrowe, Esq., declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the following is true and correct based upon my knowledge, information, and belief:

1.    I am a member of the Bar of this Court. On January 19, 2026, I entered Notices of Appearance to represent Defendants Joshua James Kennedy, Siyuan Zheng, Red Door Legacy, Lighthouse Estates, Ceekou, Starpoint Holdings, AVS Estates, and Taihe Estates. I submit this Declaration to supplement my averments in my initial Declaration of May 5, 2026.

2.    I was contacted by Joshua Kennedy and Siyuan Zheng at that time to discuss potential representation of both Mr. Kennedy and Ms. Zheng and the corporate entities in which they

participate. They are all named separately as defendants. Either Mr. Kennedy or Ms. Zheng, or both, hold formal positions with one or more of the six corporate entities.

3.      The case involves a complex commercial dispute in which Plaintiffs allege these Defendants engaged in fraudulent misrepresentations regarding a series of properties. Mr. Kennedy and Ms. Zheng discussed with me a primary area of concern. Specifically, they desired that the various named corporate entities be permitted to execute deeds-in-lieu of foreclosure. The Stipulation in lieu of the Temporary Restraining Order, which we executed and filed on February 10, 2026, contains such authority. ECF 38.

4.      As I stated in my initial Declaration, we discussed conflicts of interest that could be an issue in my dual representation. I explained I could represent them as long as everyone was on the same page and there was no disagreement between them that presented a conflict.

5.      I provided both Mr. Kennedy and Ms. Zheng with a letter of retainer for civil cases. I also notified both of them in writing that potential conflicts could exist in my simultaneous representation of them, and of the corporate entities. I advised them both they had the option to retain other counsel. They agreed to continue joint representation.

6.      I have previously described how communication with both clients thereafter became much more difficult. Ms. Zheng repeatedly asked what she was and was not permitted to do. On behalf of several of the corporate entities, she referred parties to me to review their possible dispositions of the properties. They pursued deeds-in-lieu in conformity with the stipulation. Unfortunately, she did not keep Mr. Kennedy up to date on these transactions. He became very irritated they had occurred. He was eager to protect a single entity  because of a family connection. I have routinely been put in the position of mediating conflicts between the two

2

clients. They do not communicate honestly with each other. And their communications with me also concerned the corporate entities.

7.      Also, as I have previously described, another issue arose with respect to disposition of corporate assets. The stipulation froze expenditures other than ordinary living expenses. Ms. Zheng claimed Mr. Kennedy took out a great deal of money from the certain of the business accounts at the beginning of the case. She will not give him additional funds; Mr. Kennedy claims Ms. Zheng is spending money freely from the corporate accounts. These expenditures from at least some of the corporate accounts appear to violate the terms of the Stipulation. There would be both individual and corporate liability.

8.      The Stipulation also requires an immediate accounting of all corporate accounts involved in the alleged conduct. I have asked them several times for statements of these accounts so I can confirm they are complying with the Stipulation. I been unable to get either client to provide me this material.

9.      In the course of discussing these problems repeatedly with both of them, they have communicated to me information pertaining to the liability of the corporate defendants. I have been informed about the assets and real estate transactions of the corporate defendants, of the fact that Mr. Kennedy is alleged to be spending corporate assets for personal expenditures, and of personal preferences held for resolution with specific corporate entities.

10.     Discovery is about to commence. We have received depositions notices from Plaintiffs. A major issue of concern is the defendants' compliance with the terms of the stipulations, and whether they have been dissipating assets. Compliance with discovery requests will involve additional release of confidential information about the corporate entities that will conflict with the interests of other entities, or with Mr. Kennedy or Ms. Zheng individually.

3

11.     My ability to represent all of these defendants is compromised. Their conduct presents an actual conflict. I am unable to continue representation because of it. I am not able to represent either client individually because I would face conflicts based on their prior mutual involvement. Nor am I able to continue representing any of the corporate entities as I have been provided information that can be contrary to their interests, both as to expenditure of corporate funds and as to competing corporate interests.

12.     Accordingly, I seek leave to withdraw from my continued representation of Defendants Joshua James Kennedy, Siyuan Zheng, Red Door Legacy, Lighthouse Estates, Ceekou, Starpoint Holdings, AVS Estates, and Taihe Estates.

13.     I have informed both Mr. Kennedy and Ms. Zheng by email, with return and delivery receipts, of my intention to file this motion, and have provided them copies of it. I am serving them copies of this Supplemental filing and advising them it is regarded as service on the named corporate entities because either or both Mr. Kennedy and Ms. Zheng hold formal official positions with those companies. See Exhibit A, attached.

Dated:  May 18, 2026

*Jeff Chabrowe*

**JEFFREY CHABROWE, ESQ.**
**LAW OFFICES OF JEFFREY CHABROWE**
521 Fifth Avenue, 17th Floor
New York, NY 10175
(917) 529-3921
jeff@chabrowe.com

4