**Winget | Spadafora | Schwartzberg | LLP**

NEW YORK:

45 Broadway
32nd Floor
New York, NY 10006

P (212) 221-6900
F (212) 221-6989
green.a@wssllp.com

May 29, 2026

***VIA* ECF**
U.S. District Judge Joan M. Azrack
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza, Central Islip, NY 11722

Re:    *SummitBridge Wealth Management LLC et al v. Lighthouse Estates LLC et al*
          Case No.: 2:26-cv-00141-JMA-ST

Dear Judge Azrack:

Winget, Spadafora & Schwartzberg LLP represents Defendant True Title Escrow Agent ("True Title") in the above-referenced action. True Title intends to move this court to dismiss Plaintiffs SummitBridge Wealth Management LLC and ARNA Premier Property Solutions (collectively, "Plaintiffs") January 9, 2026 complaint ("Complaint"), pursuant to Rule 12 of the Federal Rules of Civil Procedure. Accordingly, we respectfully submit this letter pursuant to Your Honor's Individual Rules of Practice, Rules IV.A and B. True Title has made no prior request.

### A.    Background

This action arises from a series of private lending transactions in which Plaintiffs allege they were "fraudulently induced to convey substantial funds" for various real estate transactions, resulting in losses exceeding $1 million. *See* Amended Complaint ¶¶ 2, 73. The Complaint asserts claims against numerous defendants: various borrower entities ("Borrower Defendants"), transaction coordinators ("Coordinator Defendants"), and title and escrow companies ("Escrow Defendants"), including Defendant True Title. *Id*. at ¶¶ 1–2.

Plaintiffs are "private money lenders" who participated in multiple transactions at issue led by Borrower and Coordinator Defendants. *Id*. at ¶ 14. Namely, Plaintiffs allege Borrower Defendants operated a "Ponzi-like scheme" in which funds were "diverted" and "commingled" rather than applied to the designated properties from real estate transactions. *Id*. at ¶¶ 3, 86, 91. Plaintiffs allege Coordinator Defendants made "false and grossly negligent misrepresentations" in soliciting Plaintiffs to participate in the transactions at issue who also controlled the closing process and approved unauthorized disbursement while excluding Plaintiffs from communications with title companies. *Id*. at ¶¶ 40, 49–54.

True Title's alleged role in the purported scheme is limited to that of closing and escrow agent on certain transactions. *Id*. at ¶ 30. Plaintiffs allege True Title relied on instructions from

U.S. District Judge Joan M. Azrack
May 29, 2026
Page 2 of 3

Coordinator Defendants without independently verifying lender authorization and thus facilitated improper disbursements. *Id.* at ¶¶ 89, 107, 109-110. Nonetheless, such allegation does not stand, as allegations elsewhere in the Complaint establish that Coordinator Defendants controlled all conditions precedent to disbursement, prohibited True Title form communicating with Plaintiffs, and were the but-for cause of the alleged loss of Plaintiffs' funds. *Id.* at ¶¶ 50, 52 and 57.

**B.    Anticipated Grounds For True Title's Motion To Dismiss**

As against True Title, the Complaint alleges negligence/professional negligence. *Id.* at ¶¶ 107, 109-110. True Title moves to dismiss Plaintiff's Amended Complaint under Rules 12(b)(5) of Federal Rules of Civil Procedure ("FRCP") for insufficient service of process. True Title also seeks dismissal under Rule 12(b)(6) for failure to state a negligence claim.

**1.    Failure to Serve True Title within the 90-Day Period set by FRCP Rule 4(c)(1)**

Plaintiffs' claims against True Title must be dismissed on procedural grounds. Rule 4(c)(1) of FRCP states "[a] summons must be served with a copy of the complaint," and Rule 4(m) prescribes a 90-day period from the date of filing within which service must be effected. *See* Fed. R. Civ. P. 4(c)(1); 4(m). When a plaintiff fails to comply with either requirement for an effective service of process, Rule 12(b)(5) provides defendant a basis for relief, ultimately authorizing dismissal for "insufficient service of process." *Id.* at 12(b)(5). *See Javino v. Denton*, No. 22-CV-01072-JMA-ARL, 2024 WL 4189005, at *3, *appeal docketed*, No. 24-2676 (E.D.N.Y. Sept. 13, 2024) (granting a dismissal based on insufficient service of process under FRCP 12(b)(5) and 4(m) because plaintiff failed to serve defendants a copy of the summons within the 90-day period in a civil RICO case).

Here, Plaintiffs failed to effect proper and timely serve the summons and complaint pursuant to FRCP, thereby warranting grounds for dismissal. Namely, Plaintiffs commenced this action on January 9, 2026 and filed the Amended Complaint on March 10, 2026. Pursuant to FRCP Rule 4(m), Plaintiffs' deadline to serve all defendants was April 9, 2026. Nonetheless, despite True Title having repeatedly informed Plaintiffs of the defective service, Plaintiffs have yet to properly serve True Title a copy of the summons with either the original Complaint or the Amended Complaint. Therefore, Plaintiffs' failure to effectuate adequate service—despite ample time and opportunity to do so and without excuse—merits a dismissal pursuant to Rule 12(b)(5).

**2.    Failure to Sufficiently Allege a Valid Claim for Relief against True Title**

Additionally, Plaintiffs' negligence claims must be dismissed because the Complaint, on its face, fails to plead breach or proximate causation of damages. A negligence claim requires: (1) a duty, (2) breach, and (3) proximate causation of damages. *See F.D.I.C. v. Mortg. Zone, Inc.*, 2010 WL 4000158, at *7 (E.D.N.Y. Oct. 12, 2010). Generally, "the scope of an [e]scrow [a]gent's fiduciary duty is defined by the scope of its contractual duty under the [e]scrow [a]greement." *Qube Films Ltd v. Padell*, 2016 WL 881128, at *7 (S.D.N.Y. Mar. 1, 2016). Futher, an escrow agent has "…a duty not to deliver the escrow to anyone except upon strict compliance with the conditions imposed." *Takayama v. Schaefer*, 240 A.D.2d 21, 25 (2d Dep't 1998).

Winget | Spadafora | Schwartzberg | LLP

U.S. District Judge Joan M. Azrack
May 29, 2026
Page 3 of 3

Here, plaintiffs' allegations establish True Title did not breach any duty because True Title complied with the conditions imposed upon it. Namely, the Complaint—while silent on the existence of an escrow agreement between the Plaintiffs and True Title—alleges Coordinator Defendants "issued the verbatim instruction" to title companies that "'[w]e will be your point of contact and request all communications goes through us.'" *See* Amended Complaint ¶ 50. By Plaintiffs' own account, the "conditions imposed" on True Title were to follow Coordinator Defendants' instructions and to disburse funds only upon receiving Coordinator Defendants' written confirmation of "lender approval." *Id*. at ¶ 52. True Title acted accordingly under the instructions given by Coordinator Defendants. Plaintiffs attempt to simultaneously plead that Coordinator Defendants' written confirmations were a required condition precedent to any disbursement and that True Title was negligent for honoring them. Hence, the Complaint pleads compliance, not breach. *See Choi v. 37 Parsons Realty LLC*, No. 19-CV-3875 (BMC), 2021 WL 2827313, at *4-5 (E.D.N.Y. July 7, 2021) (finding a closing agent who merely followed directions of the designated intermediary has complied with its duties, not breached them).

Plaintiffs' negligence claim must be dismissed for the additional grounds that it fails to plead proximate causation. *See Mortgage Zone, Inc*., 2010 WL 4000158, at *7; *see also Sheehan v. City of New York*, 40 N.Y.2d 496 (2d Dep't 1976); *Lee v. New York City Hous. Auth.*, 25 A.D.3d 214 (1st Dep't 2005). To establish proximate cause, plaintiff must show that defendant's conduct was "a substantial cause of the events which produced the injury." *Mortgage Zone, Inc*., 2010 WL 4000158, at *7. In *Mortgage Zone, Inc*., 2010 WL 4000158, at *8, this Court dismissed a negligence claim against a title company because its conduct was not the proximate cause of the loss, given the independent intervening conduct of third parties alleged in the complaint.

The Complaint expressly pleads: "[b]ut for HG TC's false confirmation of lender approval and its concealment of the settlement statements, the Title Defendants would not have disbursed Plaintiffs' funds in the manner they did, and the fraud could not have been executed." *See* Amended Complaint ¶ 57. Plaintiffs here admit that Coordinator Defendants' alleged fraud—not any conduct by True Title—was the but-for and proximate cause of the alleged loss. Thus, just as the *Mortgage Zone* court found that a title company's conduct could not be the proximate cause of a loss that was independently caused by the plaintiff's borrower's fraud, True Title's role in disbursing funds cannot be the proximate cause of a loss that Plaintiffs themselves attribute entirely to Coordinator Defendants' purported fabrication of lender approval confirmations.

We thank the Court for its consideration of this matter. Should Your Honor require any further information, please do not hesitate to contact us.

Respectfully submitted,

Anthony D. Green, Esq.

*Attorneys for Defendant True Title Escrow Agent*

Winget | Spadafora | Schwartzberg | LLP