# HAYES & SCHANZER LLP
43 West 43rd St., Suite 195
New York, NY 10036-7424
(917) 770-0180 • ahayes@hayesschanzer.com

June 14, 2026

**VIA ECF**

The Hon. Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:     *Summitbridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al.,*
        No. 2:26-cv-00141 (JMA) (ST)

Dear Judge Tiscione:

Plaintiffs respectfully submit this letter motion pursuant to § III.A of the Court's Individual Practice Rules to ask that the Court issue an Order to Show Cause with a temporary restraining order, on an *ex parte* basis, for the following relief:

(a) Appointing Stephen Donell of FedReceiver, Inc. as the equity receiver of the assets of the companies defined below as the "Lighthouse Defendants" in this action, forthwith, given their non-compliance with the Feb.13, 2026 Temporary Restraining Order (the "TRO");

(b) Directing the individual Defendants (listed below) who are beneficial owners of the Lighthouse Defendants to show cause why Mr. Donell should not also be appointed Receiver for their own accounts and assets, given their own failure to comply with the TRO; and

(c) Compelling the other defendants who have not substantially complied with the TRO or the Court's orders to produce records custodian for deposition, to do so promptly.

## I.      Background

Plaintiffs are 130 victims of a Ponzi scheme run by Defendants Van Laurence Barker, his wife Siyuan Zheng, sister Ariel Mermelshtayn Barker, and Van Barker's friend Joshua James Kennedy from 2024 through Barker's arrest in December 2025. Between them, these persons owned and managed Defendants Lighthouse Estates LLC ("Lighthouse"), AVS Estates LLC, Ceekou LLC, Starpoint Holdings LLC, Red Door Legacy LLC, Redwoods Real Estate LLC, and Taihe Estates LLC (each of whom engaged in property transactions with Lighthouse). Thus these defendants are referred to herein as the "Lighthouse Defendants".[1]

---

[1] Defendant Bluestar Capital LLC, owned by Van Barker's father, Brian Barker, did not sign the Feb. 13, 2026 stipulated TRO; its counsel have acknowledged its obligations and given

Plaintiffs made over 200 separate loans, totaling over $20 million, to Lighthouse and its affiliates, to acquire and ostensibly renovate over 200 residential properties in Alabama, Arkansas, Illinois, Indiana, Kentucky, Michigan, Missouri, and Ohio. Plaintiffs' loans were made on a property-by-property basis, with each loan secured by a registered first priority mortgage on that property. The loans were structured as balloon notes, with a lump sum to be paid several months in the future (at which time, according to the financing agreements and joint venture agreements given to Plaintiffs, the renovations would be done and the properties would be refinanced or sold).

## II.     The Lighthouse Defendants Have Completely Ignored their Obligations Under the Feb. 13, 2026 TRO, and Appear to Have Abandoned the Properties

It has been over 120 days since the Lighthouse Defendants (other than Van Barker), each represented by counsel, signed the Stipulated TRO that required them to make fulsome disclosures of their bank accounts, assets, and financial dealings. To date, and despite numerous written and telephonic reminders over the past few weeks of their obligations to comply with the TRO, *none of the Lighthouse Defendants has done anything to comply with any part of the TRO*.

Instead, the Lighthouse Defendants have gone silent, refusing to respond to requests for information about the properties, even as the Plaintiffs are receiving more and more delinquent property tax notices, code-violation fines, other charges, and demolition liens. This ever-rising tide of notices and penalties makes it painfully clear that the Lighthouse Defendants have simply abandoned their portfolio. (Defendant Zheng has continued to discuss some deed-in-lieu transactions, but has not responded to requests for information about the properties.) Without a receiver in place to take over that management rule, whatever equity remains in the Plaintiffs' properties and Lighthouse's portfolio will be dissipated.

## III.     Only a Receiver Can Remedy the Lighthouse Defendants' Flouting of the TRO

A district court may appoint an equity receiver where (i) the moving party demonstrates a probable right to the relief sought, or a probable interest in the property at issue; (ii) the property is in danger of loss, removal, waste, or material injury; and (iii) appointment is necessary to preserve and protect the property pending final adjudication. *See SEC v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 436 (2d Cir. 1987); *Republic of Phil. v. New York Land Co.*, 852 F.2d 33, 36 (2d Cir. 1988); *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 98 (2d Cir. 1988). The Lighthouse Defendants' disregard for the TRO, their abandonment of their property, and the Plaintiffs' status as first priority lienholders, together, easily satisfy that standard.

Indeed, it is hard to think of any other remedy (*e.g.*, sanctions under Fed. R. Civ. P. 37(b)) that would offer adequate relief. In this regard, it also bears nothing that Plaintiffs' mortgages authorize them to appoint their own private receivers to manage their properties, and state that the borrower expressly waives any objection to the appointment of a receiver. Plaintiffs simply have no ability on their own to monitor, preserve, or manage properties scattered across eight states – and, thus, no other way to stop the dissipation of the Lighthouse estate.

---

assurances of their intention to comply with the Court's orders. Bluestar is therefore omitted from the group of "Lighthouse Defendants" for the purposes of this motion.

Plaintiffs have been looking for some time for a professional receiver for their various properties.  Last week, Plaintiffs' steering committee met and interviewed Mr. Stephen Donell, whose company FedReceiver, Inc. has been appointed as an equity receiver in dozens of other real estate fraud actions.  Over the weekend, Plaintiffs' steering group voted unanimously to retain Mr. Donell and FedReceiver, and instructed counsel to file this motion immediately.  Filed herewith as Ex. A is a copy of Mr. Donell's credentials, and his firm's rate card.)

Plaintiffs' search for a receiver was made more stressful by one attorney, whom Plaintiffs had interviewed as prospective lead counsel in this action and then chosen *not* to retain (for several reasons).  A few days after this Court issued its April 15, 2026 Order extending the TRO to all of the Defendants herein, this other attorney filed a purported class action in Kentucky (*Cervantez-Tkac v. Lighthouse Estates, LLC*, Case no. 3-26-cv-280, USDC, WDKY), on behalf of just one named plaintiff (nearly every other victimized lender having retained the undersigned); he then moved to appoint a very expensive receiver and receiver's counsel (whom the attorney described as a friend, and part of a "package deal" with his firm serving as class counsel).  That motion, and that purported class action, remains pending.

**IV.    Other Defendants Who Have Failed to Produce Any Information Should be Given a Deadline of June 19, 2026 to Substantially Comply with the TRO and Make their Mandatory Disclosures Pursuant to Fed. R. Civ. P. 26(a)**

The other defendants in this action are "Transaction Coordinator" Marcia Donaldson, her company LLC Hidden Gems Ventures TC Services, LLC, and title companies who worked with the Lighthouse Defendants on various closings.  Donaldson and her company have insurance, and are represented by counsel who have repeatedly promised to produce documents, but have not yet done so.  As for the title companies, only one has produced any documents – and that one produced only closing records and emails, *without any records of its transactions with any of the Lighthouse Defendants*.  Plaintiffs hope that a deadline from the Court will spur them to make a good faith production of their transactions with (and communications with) the Lighthouse Defendants.

Plaintiffs are of course available at the Court's convenience to discuss any aspect of this motion, to provide documentation of the demolition and tax lien notices, or a draft Order appointing Mr. Donell.  We thank the Court for its attention to this matter.

Respectfully submitted,

**HAYES & SCHANZER LLP**

By:        *Andrew W. Hayes*
           Andrew W. Hayes, Esq.
           43 West 43rd St., Suite 195
           New York, NY 10036-7424
           Tel: (917) 770-0180
           ahayes@hayesschanzer.com
           *Attorneys for Plaintiffs*

cc:      *All Counsel of Record (via ECF)*