**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Summitbridge Wealth Management LLC, *et al.*,

Plaintiffs,

- Against –

Lighthouse Estates LLC, *et al.*,

Defendants.

**Case No. 26-CV-141 (JMA) (ST)**

**[PROPOSED] ORDER APPOINTING RECEIVER**

WHEREAS this matter has come before this Court upon the letter motion of the Plaintiffs to appoint a receiver in the above-captioned action for the companies identified in the pleadings as responsible for the ownership and management of the properties secured by the Plaintiffs' mortgage loans (the "Motion"; a list of those Properties is attached hereto as Ex. A);

WHEREAS no party filed any opposition to the Motion;

WHEREAS the persons who have been identified as representatives of the principal corporate Defendants (Lighthouse Estates LLC, Starpoint Holdings LLC, AVS Estates LLC, Red Door Legacy LLC, Ceekou LLC, Taihe Estates LLC, and Redwoods Real Estate LLC) were present at the hearing on the Motion, and acknowledged that no one was managing the Properties;

WHEREAS, at the hearing, Plaintiffs' counsel identified several other corporate Defendants that are listed as the owners of many of the Properties, or as responsible for managing those Properties, and no Defendant controverted that information;

WHEREAS the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purpose of

minimizing the public safety and health risks and of the abandonment of the Properties, and of marshaling and preserving all assets of the Defendants' corporate entities and their affiliates, successors, and transferees;

WHEREAS, shortly after the hearing on Plaintiffs' motion, each of the Defendants received a list of the entities that Plaintiffs proposed to include in the Receivership, and to date no Defendant has commented on that list;

WHEREAS, the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purpose of minimizing the public safety and health risks and of the abandonment of the properties at issue, and of marshaling and preserving all assets of the Defendants and their affiliates, successors, and transferees; and

WHEREAS this Court has subject matter jurisdiction over this action and personal jurisdiction over the Receivership Entities named herein, and venue properly lies in this District.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    Stephen J. Donell of FedReceiver, Inc. is hereby appointed as equity receiver (the "Receiver") over the Receivership Entities and the Receivership Assets, as defined herein, effectively immediately upon entry of this Order. The Receiver shall serve until further order of the Court. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court.

2.    In executing the Receiver's functions hereunder, the Receiver's powers and duties shall include but not be limited to the power and duty to do the following:

a.  To take exclusive custody, control and possession of all Receivership Entities and Receivership Assets, including all documents of, or in the possession, custody, or control of, the Receivership Entities, wherever situated.

b.  With respect to real property belonging to any Receivership Entity or any Receivership Assets, take all steps necessary or reasonable to secure all premises owned, rented, leased, or otherwise controlled by the Receivership Entities, and any other real property constituting Receivership Assets (including but not limited to (i) all premises at which Receivership Entities' business operations are physically located; (ii) residential, multi-family, raw land, and commercial properties wherever located; and (iii) all post office boxes, private or commercial mail boxes, or storage units rented or owned by the Receivership Entities.  Such steps may include but are not limited to any of the following as the Receiver deems necessary or advisable:

   i.  serving this Order;

   ii.  obtaining pertinent information from all employees and other agents of the Receivership Entities, including but not limited to the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each employee or agent;

   iii.  securing the locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations;

   iv.  employing the assistance of law enforcement officers as the Receiver deems necessary to implement the provisions of this Order.  In connection therewith, the Receivership Entities, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership, unless expressly permitted in advance by the Receiver in writing.

c.  Take exclusive control of each of the Receivership Entities, removing, or terminating employment of any director, officer, employee, manager, independent contractor, or agent of the Receivership Entities, and to require each such terminated person to turn over any account passwords, access codes, passkeys, or other information necessary to access and manage any of the Receivership Entities or Receivership Assets.

d.  Divert mail and to sue for, collect, receive, take into possession, hold and manage all Receivership Assets and documents of or pertaining to the Receivership Entities and other persons whose interests are now held by, or under the direction, possession, or control of, the Receivership Entities.

e.  With respect to personal property of the Receivership Entities or any other Receivership Assets, take possession and control of all tangible personal property, documents, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, and mortgages.  With respect to bank and brokerage accounts belonging to the Receivership Entities or held in any of their names, such accounts shall immediately be

3

placed under the Receiver's exclusive control and the Receiver shall be added as the sole authorized signatory for all such accounts.

f.  To liquidate, sell or otherwise dispose of any and all securities, bonds, investment accounts, or commodities constituting Receivership Assets, as the Receiver deems advisable or necessary in the Receiver's business judgment and without further order of the Court.

g.  To enter into and reject contracts, and purchase insurance as advisable or necessary.

h.  To choose, engage and employ attorneys, accountants, appraisers, and any other independent contractors and specialists, including, but not limited to, liquidating agents, real estate agents, forensic experts, property managers, brokers, traders, and auctioneers as the Receiver deems advisable or necessary in the performance of the Receiver's duties and responsibilities under the authority granted by this Order.

i.  Make payments and disbursements necessary or advisable for carrying out the directions of, or exercising the authority granted by this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure or preserve Receivership Assets, such as rental payments.  The Receiver shall not be responsible for payment or performance of any obligations of the Receivership Entities that were incurred, by, or for the benefit of, the Receivership Entities prior to the date of this Order, including but not limited to any agreements with third party vendors, landlords, brokers, purchasers or other contracting parties.

j.  Defend, compromise, adjust, or otherwise dispose of any and all actions or proceedings instituted in the past or in the future against the Receiver in its role as Receiver,  or against the Receivership Entities that the Receiver deems necessary and advisable to preserve Receivership Assets, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order.

k.  To assert, prosecute, and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Entities, or their officers, directors, agents, employees, or trustees in their representative capacities, and to take any and all acts necessary or appropriate in connection with such policies for the benefit of the Receivership Entities, the Receivership Assets and the receivership estate.

l.  Without further Order of this Court, to compromise accounts receivable and other contractual claims of the Receivership Entities and to abandon Receivership Assets deemed by the Receiver to be of inconsequential value or benefit to the receivership estate on terms and in the manner the Receiver deems necessary or appropriate in the Receiver's business judgment.

m. To list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of Receivership Assets, subject to the Receiver's obtaining Court approval for the specific sales of Assets pursuant to applicable law.

4

n.  To perform all reasonable steps to determine the nature, location, and value of all Receivership Assets and to recover all Receivership Assets.

o.  To issue subpoenas and letters rogatory to obtain Documents pertaining to the Receivership Assets and/or and the Receivership Entities, and conduct discovery in this action on behalf of the receivership estate, including but not limited to subpoenaing documents and records and taking depositions of all Receivership Entities and third parties on not less than five calendar days' notice.

p.  To open one or more bank accounts (hereinafter referred to as the "Receivership Accounts") separate from any accounts of the Defendants (or related person within the meaning of Treas. Reg. §1.468B-1(d)(2)) at an authorized government depository in accordance with Treas. Reg. §1.6302-1 to receive and hold the monetary assets of the receivership estate within the meaning of Section 468B of the Code and Treas. Reg. §1.468B-1 et. seq.  The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.

q.  To publish this Order to any Persons as the Receiver deems necessary or appropriate in carrying out his powers and duties under this Order.

r.  To communicate with, and/or serve this Order upon, any Person that the Receiver deems appropriate to inform them of the status of this matter and/or the financial condition of the receivership estates.

s.  To maintain accurate records of all receipts and expenditures that the Receiver makes as Receiver.

t.  To cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

u.  To disburse the net proceeds of Receivership Assets pursuant to Court order as may be hereinafter entered.

v.  To request the assistance of the U.S. Marshals Service, in any judicial district, to assist the Receiver in carrying out his duties to take possession, custody, and control of, or identify the location of, any Receivership Assets, Documents or other materials belonging to the Receivership Entities.  In addition, the Receiver is authorized to request similar assistance from any other federal, state, county, or civil law enforcement officer(s) or constable(s) of any jurisdiction.

w.  To seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Entities, or any of them, other than any Individual Defendant or Relief Defendant who is a natural person and whose Assets are also Receivership Entities.  If a Receivership Defendant is placed in Chapter 11 bankruptcy proceedings, the Receiver may become, and may be empowered to operate the

5

bankruptcy estate of the Receivership Defendant, as a debtor-in-possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor-in-possession under the Bankruptcy Code to the exclusion of any other person or entity.

x. To verify the nature and extent of, and obtain as the Receiver deems necessary or appropriate for the preservation of Receivership Assets, insurance coverage; provided however, the Plaintiff, Receivership Entities, and Court acknowledge there may be a gap of time before such insurance may be in place to properly protect the Receivership Assets and any employees of the receivership estate, and that the Receiver has no responsibility or liability until such time as the Receiver has notified the Court by filing a notice that insurance is in place. In connection therewith, the Receiver is hereby authorized to engage insurance brokers and consultants as necessary to properly insure the Receivership Assets.

y. To file periodic reports with the Court regarding the Receiver's activities and the status of the receivership estate as the Receiver deems necessary or appropriate.

3. **Receivership Estate**. The "Receivership Estate" is comprised of each of the

following entities, which are each "Receivership Entities":

a. Lighthouse Estates LLC

b. Starpoint Holdings LLC

c. AVS Estates LLC

d. Ceekou LLC

e. Red Door Legacy LLC

f. Taihe Estates LLC

g. Redwoods Real Estates LLC

h. Bear Capital LLC

i. RPKP LLC

j. Rhino Capital LLC

k. Estella Management & Transactions LLC

l. Sapphire Ridge Investments LLC

m. JAL Solutions LLC

n. ZiraCo LLC

o. Peerpoint Investments LLC

p. GSA DR LLC

q. Wavewell Foundation, Inc.

r. Horizon View Investments LLC

s.   Vanguard Haven LLC

t.   Windmill Properties LLC

Together with all of their assets (wherever located), successor entities, nominees, custodians, and

holders of property owned or controlled by any of the foregoing, (each of which constitute

"Receivership Assets").  The Court hereby asserts exclusive in rem and quasi in rem jurisdiction

over all Receivership Estate property, and all Receivership Assets, wherever situated.

4.    **Cooperation.**  Defendants shall immediately turn over possession, custody,

control of all Receivership Entities and Receivership Assets to the Receiver, immediately issue

such instructions to third parties (including but not limited to financial institutions) as may be

necessary for the Receiver to secure possession, custody and control of all Receivership Entities

and Receivership Assets, promptly respond to requests for information and questions posed by

the Receiver concerning the Receivership Assets and the Receivership Entities, and produce all

Documents requested by the Receiver regarding the business of the Receivership Entities, or any

other matter relevant to the operation or administration of the receivership or the collection of

funds due to the Receivership Entities.

5.    **Stay of Other Litigation.**  Except by leave of Court, during the pendency of the

receivership, all clients, creditors, claimants, lessors and all other Persons seeking relief of any

kind, in law or in equity, from the Receivership Entities, and all persons acting on behalf of any

such client, creditor, claimant, lessor or other Person, including sheriffs, marshals, servants,

agents, employees, and attorneys, are stayed from:

a.  Commencing, prosecuting, continuing or enforcing any suit or proceeding against or
    affecting the Receivership Defendants or any part of the Receivership Assets, except that
    such actions may be filed to toll any statutes of limitations;

b.  Using self-help or executing or issuing or causing the execution or issuance of any court
    attachment, subpoena, replevin, execution, or other process for the purpose of impounding or
    taking possession of or interfering with or creating or enforcing a lien upon any portion of the

Receivership Assets, including, without limitation, any property owned by or in the possession of Receivership Defendants or the Receiver, wherever situated;

c.  Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate the obligations of any lease, loan, mortgage, indebtedness, security agreement or other agreement with Receivership Defendants, or any entity controlled by Receivership Defendants, or otherwise affecting Receivership Assets; or

d.  Doing any act to interfere with the taking control, possession, management, or sale by the Receiver of any portion of the Receivership Assets, or to in any way interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of the Court over the Receivership Assets.

Provided, however, this provision shall not be construed to restrict:

e.  The commencement or continuation of a criminal action or proceeding;

f.  The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

g.  The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

h.  The enforcement of the right that any Person other than any of the Defendants may have under Title 11 of the United States Code. Nothing herein shall be construed to prevent the Individual Defendants from filing for individual relief on their own behalf under Title 11 of the United States Code.

6.      **Compensation.**  The Receiver and his attorneys are entitled to reasonable compensation and expense reimbursement from the receivership estate. Payment of such compensation shall require the prior approval of the Court. The Receiver shall file with the Court and serve on the parties to this action periodic motions seeking allowance, approval and payment for the reasonable fees and expenses of the Receiver and the Receiver's attorneys to be paid from the Assets of the receivership estate, at such times as the Receiver may in the Receiver's discretion determine. The Receiver shall be permitted to pay ongoing expenses incurred in the ordinary course of the administration of the receivership, including without limitation the fees and expenses of the Receiver's accountants, employees, agents, servants, appraisers, auctioneers,

8

brokers, consultants and any other independent contractors and technical specialists from the Assets of the receivership estate without prior Court approval.  In the event the assets of the Receivership Estate are insufficient to pay the approved fees and costs of the Receiver and his professionals, The Receiver may apply to the Court for the payment of such fees and costs by the Plaintiffs.

7.      The Receiver shall not be required to post bond or give an undertaking of any type in connection with the Receiver's appointment in this matter.

8.      The Receiver and the Receiver's attorneys, accountants, employees, agents, servants, appraisers, auctioneers, brokers, and any other independent contractors and technical specialists, acting within the scope of such agency are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or the Receiver's attorneys, accountants, employees, agents, servants, appraisers, auctioneers, brokers, and any other independent contractors and technical specialists be liable to anyone, other than the Receiver, for their actions or omissions except upon an express finding by this Court that they acted as a result of malfeasance, gross negligence, or in reckless disregard of their duties.

9.      Nothing contained in this Order, nor the grant or exercise of any powers provided for herein by the Receiver shall cause said Receiver to be considered a past or present owner, operator or other potentially responsible or liable party pursuant to any provision of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq.; the Hazardous Site Response Act ("HSRA"), O.C.G.A. § 12-8-90, et seq.; or incur liability based on ownership or operation of the Receivership Assets pursuant to any other statutory, regulatory, common law or strict liability theory.  Furthermore, to the extent

9

hazardous substances, wastes or constituents are known or discovered to be present upon the Receivership Assets, the Receiver shall not be considered to be in any direct or indirect contractual relationship with any party responsible for such substances, wastes or constituents pursuant to CERCLA and/or HSRA, and shall instead be considered to be acting solely in a "fiduciary capacity" with respect to the Receivership Assets, pursuant to 42 U.S.C. § 107(n) of CERCLA and §12-8-92(7)(C) of HSRA.

     **10.**     **Retention of Jurisdiction.**  This Court shall retain jurisdiction of this matter for all purposes.

     IT IS SO ORDERED this _____ day of _____, _____.


_____
United States District Judge