

100 WALL STREET
NEW YORK, NEW YORK 10005
212.687.0100

**ROSS B. HOFHERR**
MEMBER
DIRECT: (212) 313.5482
FAX: (212) 687.0659
RHOFHERR@HARRISBEACHMURTHA.COM

July 7, 2026

**<u>Via Electronic Filing</u>**
The Hon. Joan M. Azrack, U.S.D.J.
U.S. District Court, Eastern District of New York
100 Federal Plaza
Courtroom 920
Central Islip, NY 11722

RE:  *SummitBridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al.*
<u>Case No.: 2:26-cv-001410JMA-ST</u>

Dear Judge Azrack:

The undersigned represents Defendant Marcia Donaldson ("Ms. Donaldson") in the above-referenced matter. Pursuant to Your Honor's Individual Rules, we write to request a pre-motion conference seeking leave to file a motion to dismiss all claims against Ms. Donaldson in Plaintiffs' Second Amended Complaint (the "SAC") pursuant to Rule 12(b)(2) and Rule 12(b)(6).

This action involves allegations that Plaintiffs made various monetary investments into certain real estate ventures offered by the "Lighthouse Defendants" that were ultimately lost. The SAC asserts four claims against Ms. Donaldson: (i) Civil RICO (Count I); (ii) Fraud, pleaded in the alternative to RICO (Count II); (iii) Negligence/Failure to Supervise, pleaded in the alternative to fraud (Count III); and (iv) Conversion and Accounting/Breach of Joint Venture Agreement (Count IV). Ms. Donaldson, along with other "Transaction Coordinator Defendants,"[1] is alleged to have facilitated the transactions between Plaintiffs and the "Lighthouse Defendants."

The claims against Ms. Donaldson should be dismissed for several reasons, including: (1) Plaintiffs fail to establish personal jurisdiction over Ms. Donaldson (a Florida resident); (2) the SAC fails to plead the Civil RICO and fraud claims with the required particularity; (3) Plaintiffs fail to state a negligence claim against Ms. Donaldson; (4) Plaintiffs fail to allege a duty owed by Ms. Donaldson personally; and (5) Plaintiffs fail to allege specific facts imputing the actions of a limited liability company onto Ms. Donaldson individually.

As an initial matter, the SAC sets forth no personal jurisdiction allegation related to Ms. Donaldson, a Florida resident. New York courts routinely grant motions to dismiss under Rule 12(b)(2) when plaintiffs fail to assert any personal jurisdiction allegations or assert conclusory allegations that fail to support a prima facie showing of personal jurisdiction. *See Mirman v. Feiner*, 900 F. Supp. 2d 305, 309 (E.D.N.Y. 2012) (holding that on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), "the Court is not bound by conclusory statements, without supporting facts."); *Orlofsky v. Devlin Grp.*, Inc., No. 08-cv-3635, 2010 WL 11623064, at *2 (E.D.N.Y. Jan. 27, 2010) ("Conclusory non-fact-specific jurisdictional allegations or a legal conclusion

1



couched as a factual allegation will not establish a prima facie showing of jurisdiction."). The SAC's jurisdictional section alleges only conclusory long-arm facts as to the "Transaction Coordinator Defendants" collectively (*see* SAC ¶ 13) and pleads no basis for jurisdiction over Ms. Donaldson in her personal capacity. Accordingly, the SAC should be dismissed as to Ms. Donaldson for lack of personal jurisdiction.

Plaintiffs' RICO claim rests on alleged predicate acts of wire fraud, which must be pleaded with particularity under Rule 9(b). *See DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir. 1987); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). The SAC does not meet this requirement. It impermissibly lumps Ms. Donaldson together with seven other entities and individuals under the "Transaction Coordinator Defendants" umbrella (*see* SAC ¶¶ 175-182, 225-227), attributing sweeping assertions of wire fraud and racketeering to the group collectively without identifying any specific predicate act by Ms. Donaldson individually. Such group-pleading is insufficient as a matter of law. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001); *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012).

Plaintiffs' fraud claim suffers from the same group-pleading defect. The SAC recycles alleged fraudulent statements attributed to Hidden Gems Ventures LLC ("HGV") (*see* SAC ¶¶ 228-231) and attributes them to the "Transaction Coordinator Defendants" collectively. The SAC pleads no particularized fraudulent statement made by Ms. Donaldson in her personal capacity as required by Rule 9(b). *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004); *Mills*, 12 F.3d at 1175.

Plaintiffs' negligence claim against Ms. Donaldson is similarly impermissibly vague and rests entirely on group-pleaded allegations that fail to distinguish among the Transaction Coordinator Defendants. (*See* SAC ¶¶ 225-227, 248-253.). *See Rainy v. City of Jefferson*, 2019 WL 678314, at *1 (N.D.N.Y. Dec. 12, 2019) (plaintiff's negligence claim dismissed as his conclusory references to 'negligent behavior' fail to plausibly state a claim under state tort law); *Romualdo v. Guru Krupa 104 Corp.*, No. 19-CV-5188, 2023 WL 6167614, at *8 (E.D.N.Y. Sept. 1, 2023); *Farmer v. Cnty. of Westchester*, No. 18 CIV. 2691, 2021 WL 4199944, at *7 (S.D.N.Y. Sept. 15, 2021) (dismissing the complaint where the vast majority of allegations relating to the defendant were jointly alleged against most of the other [d]efendants without providing any factual basis to distinguish their conduct).

Additionally, Plaintiffs fail to identify any duty owed by Ms. Donaldson to them personally, instead relying on the generalized and legally insufficient theory that Ms. Donaldson was obligated to protect the Plaintiffs' investors from third party fraud, absent any fiduciary relationships or special circumstances. *See Cohen v. Avanade, Inc.*, 874 F.Supp.2d 315, 327 (2012) (dismissing plaintiff's negligence claims after the court noted the complaint failed to state what duty of care defendants owed let alone how they breached that duty). Notably, Plaintiffs have abandoned their fiduciary duty claim in the SAC.

In addition, Plaintiffs' cause of action against Ms. Donaldson does not survive based upon her alleged involvement with the remaining two Transaction Coordinator Defendants. Owners of



limited liability companies are not liable for the debts of the companies under negligence causes of action. *See, e.g.*, *Morris v. N.Y.S. Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 140–41, 603 N.Y.S.2d 807, 623 N.E.2d 1157 (1993) (holding that owners are normally not liable for the debts of the corporation); *see also Blum v. Spaha Capital Management, LLC*, 44 F.Supp.3d 482, 496 (2014).

Plaintiffs' SAC merely names Ms. Donaldson as one of the Transaction Coordinator Defendants without further explanation. Rather Plaintiffs make only general assertions about Ms. Donaldson's alleged control of the HGV Defendants. (s*ee SAC ¶ 175*). Purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under [Rule 8(a)'s] liberal notice pleading standard. *In re Currency Conversion Fee Antitrust Litig.*, 265 F.Supp.2d at 426; *see also De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir.1996) (dismissing alter-ego claim where complaint was "devoid of any specific facts or circumstances supporting" plaintiff's conclusory allegations concerning defendant's domination of its subsidiary); *Superb Motors Inc. v. Deo*, 776 F.Supp.3d 21 (2025). These same deficiencies require dismissal of Plaintiffs' Conversion and Accounting/Breach of Joint Venture Agreement claim (Count IV), which Plaintiffs assert against Ms. Donaldson individually without alleging that she signed any Joint Venture Agreement in her personal capacity.

For the foregoing, and for such additional reasons as may be set forth in the moving papers, Defendant Marcia Donaldson respectfully seeks a pre-motion conference, or in the alternative, leave to file a motion to dismiss. Thank you for your consideration.

Respectfully Submitted,

Ross B. Hofherr