NEW YORK:

45 Broadway
32nd Floor
New York, NY 10006

P (212) 221-6900
F (212) 221-6989
Green.a@wssllp.com

# Winget | Spadafora | Schwartzberg | LLP

July 8, 2026

**_Via_ ECF**
The Honorable Joan M. Azrack
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza, Central Islip, NY 11722

Re: *SummitBridge Wealth Management LLC et al v. Lighthouse Estates LLC et al*
    Case No.: 2:26-cv-00141-JMA-ST

Dear Judge Azrack:

We write on behalf of Defendants True Title Service, LLC and Christopher Carl (the "True Title Defendants") in reply to Plaintiffs' July 1, 2026 letter (ECF No. 112), which asks the Court to compel the True Title Defendants to satisfy disclosure obligations under the April 15, 2026 TRO. We respectfully submit that the TRO was not entered against and is not applicable to the True Title Defendants (one of whom, Mr. Carl, was not even a named party until Plaintiffs filed the Second Amended Complaint [ECF Dkt. No. 101] over two months after the TRO was granted).

Moreover, the True Title Defendants respectfully submit that the Court need not, and should not, reach that request until it first resolves the threshold question raised in our June 24, 2026 pre-motion letter (ECF No. 105): whether the Court has personal jurisdiction over the True Title Defendants. For the reasons set forth in that letter, the True Title Defendants respectfully submit that personal jurisdiction does not exist, and that this threshold question warrants the Court's resolution before any further obligations are imposed.

### A. Personal Jurisdiction Is a Threshold Question Requiring Resolution Before Any Compliance Is Compelled.

Personal jurisdiction is a threshold issue that must be resolved before reaching any other question, including requests for ancillary relief. *See Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 584-88 (1999) ("Personal jurisdiction … is 'an essential element of the jurisdiction of a district ... court,' without which the court is 'powerless to proceed to an adjudication.'") (*quoting Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382 [1937]).

That principle applies squarely here. Plaintiffs ask this Court to compel the True Title Defendants to make substantive disclosures under the TRO while a challenge to personal jurisdiction remains pending. The True Title Defendants respectfully submit that the Court need not reach that request until it has first determined whether it has any authority over them at all.

**B. Compelling Compliance with Injunctive or TRO Obligations Requires Personal Jurisdiction Over the Party to Be Bound.**

The Second Circuit's decision in *Gucci Am., Inc. v. Bank of China* confirms that personal jurisdiction over the defendant is what allows a court to restrain or bind that defendant's conduct through a TRO or injunction in the first place: "personal jurisdiction over the *defendants*, not the Bank, [was] all that was needed for the district court to restrain the defendants' assets..." 768 F.3d 122, 129 (2d Cir. 2014); *Cruz v. Am. Express Natl. Bank*, 25-CV-9951 (JPO), 2026 WL 1894873, at *1 (S.D.N.Y. July 1, 2026), citing to 11A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2956 (3d ed. 2020) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); *Natl. Fire Protection Assn., Inc. v. Swets Info. Services Private Ltd.*, 18 CIV. 6029 (KPF), 2021 WL 1254424, at *2 (S.D.N.Y. Apr. 5, 2021) ("The Court is thus unpersuaded that it has the authority to order Plaintiff's requested relief, as at present it is unable to determine whether it has personal jurisdiction over the affected third-party financial institutions."); *see also United States v. First Nat'l City Bank*, 379 U.S. 378, 384 (1965) ("Once personal jurisdiction of a party is obtained, the District Court has authority to order it to 'freeze' property under its control, whether the property be within or without the United States.").

The only exception to the personal jurisdiction requirement before a valid injunction may be entered is inapplicable here, as it requires that an entity so bound be acting in "active concert or participation" with and "assisting in a violation of the injunction" by an enjoined party over whom the Court has personal jurisdiction. *See Tiffany (NJ) LLC, Tiffany and Co. v. China Merchants Bank*, 589 Fed. Appx. 550, 552 (2d Cir. 2014), *as amended* (Sept. 23, 2014). Plaintiffs have not made – and could not make – this allegation against the True Title Defendants, who merely acted as title and escrow agent for discrete, completed real estate transactions in Indiana and Kentucky. The True Title Defendants' participation in any of the transactions at issue ended the moment the transactions closed. Thus, the True Title Defendants are not in "active" concert or participation with the Lighthouse Defendants, nor is there any argument whatsoever that the True Title Defendants are "assisting" the Lighthouse Defendants in violating an injunction.

This is the same principle the True Title Defendants raised for the Court's consideration in their June 24, 2026 pre-motion letter that, without personal jurisdiction, Orders against the True Title Defendants are invalid. (ECF No. 105 at #5) (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 [2d Cir. 2011]). Plaintiffs' letter does not grapple with this authority. Rather, it simply assumes that compliance may be compelled now and jurisdiction addressed later. Nonetheless, the unresolved personal jurisdiction issue must be decided before any compliance can be properly compelled.

**C. The TRO Was Not Directed at True Title Defendants.**

Even setting aside the jurisdictional bar, the TRO was not directed toward the True Title Defendants (one of whom, Mr. Carl, again, was not a party until the Second Amended Complaint was filed two months later). True Title served only as a title and escrow agent, disbursing funds at

closing in accordance with the parties' instructions. True Title Defendants' role in each transaction concluded at closing. To date, they hold none of the Lighthouse Defendants' properties, nor Plaintiffs' funds. The TRO's disclosure and anti-dissipation provisions (Pars. 2(b), 7) are, by their terms, aimed at accounts holding funds traceable to the Lighthouse enterprise—not at a title agent that performed a completed closing function in Indiana and Kentucky and retains nothing to disclose or freeze.

Plaintiffs could not have satisfied any element required to obtain a TRO against the True Title Defendants, under Fed. R. Civ. P. 65. Plaintiffs did not seek a TRO against the True Title Defendants in the first instance. Plaintiffs' papers in support of the TRO did not argue that immediate and irreparable injury would result in the absence of emergency injunctive relief against the True Title Defendants.

Moreover, the Lighthouse Defendants' assets and properties at issue are now in receivership, pursuant to Plaintiffs' motion for such relief. [ECF Dkt. No. 120]. Tellingly, Plaintiffs did not seek receivership against any title or escrow agent, as they recognized that none of their alleged property or assets at issue are presently within the possession, custody or control of any title or escrow agent defendants. Indeed, with the receivership now granted and the assets at issue under control of a third-party neutral, the entire predicate for a TRO is likely obviated.

For the foregoing reasons, the True Title Defendants respectfully request that the Court first resolve the threshold personal jurisdiction question raised in their June 24, 2026 pre-motion letter before reaching the issue of compliance with the TRO. Furthermore, the True Title Defendants respectfully submit that the TRO is not, and should not be interpreted to be, applicable as against them, to the extent that the TRO has any remaining justification after receivership.

We thank the Court for its consideration of this matter. Should Your Honor require any further information, please do not hesitate to contact us.

Respectfully submitted,
/s/ *Anthony D. Green*
Anthony D. Green, Esq.

*Attorneys for Defendants True Title
Service, LLC and Christopher Carl*

cc: All Counsels of Record *via* ECF