Riker Danzig LLP
ATTORNEYS AT LAW

**Michael R. O'Donnell**
Of Counsel

Direct:
t: 973.451.8476
f: 973.538.1984
modonnell@riker.com

7 Giralda Farms, Suite 250
Madison, NJ 07940-1051

August 27, 2026

**Via CM/ECF**
Hon. Joan M. Azrack, U.S.D.J
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722

**Re: SummitBridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al., Civil Action No: 2:26-cv-00141**

Dear Judge Azrack:

This firm represents defendant Essent Title Insurance, Inc. ("Essent") in the above-referenced litigation and submits this letter in accordance with Rule 4(B) of Your Honor's Individual Rules to request a conference regarding a proposed motion to dismiss Plaintiffs' June 23, 2026 Second Amended Complaint (the "Complaint") as asserted against Essent. That motion would also move, in the alternative, for a more definite statement of a pleading.

As to Essent, Plaintiffs raise only a single claim sounding in negligence (Count III of the Complaint). They contend first that Essent breached its duties to issue, or offer to issue, Closing Protection Letters to them on certain residential loans made on properties in Indiana, Missouri, and/or Ohio. (Compl. at ¶ 259). Second, Plaintiffs allege that Essent failed to supervise "their issuing agents" on the subject closings. (*See ibid.*). However, none of the loans or closings are identified.

## I. Essent Cannot Be Liable for Alleged Failure to Issue Closing Protection Letters.

As for Essent's alleged duty to issue closing protection letters to certain Plaintiffs,[1] such claims are deficient in Missouri, Indiana, and Ohio on their respective merits and because none of those jurisdictions set forth for a private cause of action for alleged violation of the closing protection letter requirement. Specifically, "Missouri title insurance law specifically provides for the Director of the Missouri Department of Insurance, and not private citizens/entities, to enforce Missouri's insurance laws and to bring a cause of action against title insurers for violations of Missouri's title insurance laws." *Bluehaven Funding, LLC v. First Am. Title Ins. Co.*, 2009 U.S. Dist. LEXIS 43395, at *35 (E.D. Mo. May 20, 2009) (citing R.S.Mo. § 381.048). Indeed, the *Bluehaven Funding* court expressly held that "Missouri Statute § 375.930 specifically provides that no private cause of action exists for alleged violations of Missouri's insurance laws." *Ibid.*

Indiana's Code concerning title insurers and the requirements also does not confer a private right of action due to alleged violation of same. In that vein, "Indiana courts find no private right of action where the General Assembly has provided independent enforcement—even if only an infraction."

[1] Plaintiffs do not even identify which of the many plaintiffs allegedly did not receive closing protection letters and in which states their respective alleged closings took place.

*Doe v. Ind. Dep't of Child Servs.*, 81 N.E.3d 199, 204 (Ind. 2017). Since the Indiana Code, Ind. Code Ann. §§ 27-7-3-1 to 27-7-3-22, *et seq*., already provides for an independent enforcement mechanism, *see e.g*., Ind. Code Ann. § 27-7-3-17, no private cause of action can exist, and Plaintiff's claim should also be dismissed under Indiana law. *See e.g. Kerwood v. Elkhart Cty. Sheriff's Dep't*, 233 N.E.3d 1030, 1036-37 (Ind. Ct. App. 2024) (no private cause of action for failure to properly expunge or seal criminal records where the relevant statute provided for independent enforcement). Moreover, the Indiana statute only provides that in a "residential real estate transaction . . . in which: (1) a title policy is issued by a company or title insurance producer on behalf of a company; **<u>and (2) the company or title insurance producer will also act as a settlement or closing agent</u>**; the company or title insurance producer shall issue a closing protection letter to the lender, borrower, buyer, and seller of the property." *See* Ind. Code Ann. § 27-7-3-22(a) (emphasis added). Here, Essent was not the settlement agent for any of the closings and therefore, was not required to issue a closing protection letter.

As for Ohio, like Indiana, Chapter 3953 of Ohio's Revised Code, which regulates title insurance companies, agents, and operations, does not create a private cause of action. The statutes and regulations governing the title insurance industry are regulatory in nature and are designed to be enforced by the Superintendent of the Department of Insurance, rather than through private litigation. *See e.g*., *Strack v. Westfield Cos*., 33 Ohio App. 3d 336, 338-39 (9th Dist. Ohio Ct. App. 1986) (rejecting the inference of a private cause of action for violation of insurance regulations); *Griffith v. Buckeye Union Ins. Co*., 1987 Ohio App. LEXIS 8971 (10th Dist. Ohio Ct. App. Sept. 29 1987) ("The Ohio Department of Insurance rules, however, do not create a private cause of action, but are regulatory in nature."). In fact, various Bulletins promulgated by the Ohio Department of Insurance make clear that the penalty(ies) for violation of these regulations is <u>administrative in nature only</u>. *See e.g*., Bulletin No. 2010-05, Ohio Department of Insurance, *Title Agent IOTA Escrow Accounts – Directed Funds* (eff. Sept. 3, 2010) (*See* Ex. A). Also, the plain language of the Revised Code states that "[a]t the time an order is placed with a title insurance company for issuance of a title insurance policy, the title insurance company **<u>or the title insurance agent shall offer</u>** closing or settlement protection to the lender, borrower, and seller of the property, and to any applicant for title insurance. Oh. R.C. 3953.32(A) (emphasis added). There, the Complaint is deficient since there are no allegations concerning whether Essent's title agent(s) issued, or offered to issue. closing protection letters which would obviate any duty by Essent to do the same. Therefore, there is no basis, as a matter of Missouri, Indiana, and Ohio law, for Plaintiffs to assert negligence causes of action for alleged failure to issue a closing protection letter.

## II. <u>Essent Cannot Be Liable to Plaintiffs for Alleged Failure to Supervise the Actions of Title Agents.</u>

Regarding Essent's alleged duties concerning their title agents—whom Plaintiffs do not identify—such claims must also be dismissed based on the terms of the relevant agency agreements entered into between Essent and such agents, which make clear that the scope of those agents' respective agencies were limited to issuing title policies and did not extend to the closing or settlement services that Plaintiffs complain of. (*See e.g*., Ex. B ("Principal appoints Agents its limited agent solely for the purpose of issuing . . . title insurance commitments, policies and endorsements on real estate . . . .")). In that regard, in *Bluehaven Funding*, the Eastern District Court of Missouri, dismissed claims that were based on vicarious liability and negligence for failure to monitor the title agent. 2009 U.S. Dist. LEXIS 43395, at *21-30. The court found that: (i) the agency relationship was limited to the issuance of title policies, (ii) there was no actual nor apparent authority for the title agent's actions outside of the scope of the

agency agreement, (ii) there was no duty on the part of the underwriter to protect the plaintiffs from the actions of the title agent outside of the agency agreement. *Id.* at *26-34

Similarly, in Indiana, in *Fid. Nat'l Title Ins. Co. v. Mussman*, the state's Court of Appeals directed summary judgment to be granted to the title underwriter and found that, despite the parties having "contemplated" that the title agent would provide "closing and escrow services", that the plain language of the agency agreement between them expressly limited the agency of the title agent to just issuing title policies. *See Fid. Nat'l Title Ins. Co. v. Mussman*, 930 N.E.2d 1160, 1165-67 (Ind. Ct. App. 2010). Here, Plaintiffs' claim against Essent are premised on a purported agency relationship with unspecified "Title Defendants" and the actions or inactions of the "Title Defendants." However, just as in *Mussman*, the relevant agency agreements entered between Essent and its title agents makes clear that such agency relationship was limited to issuing title policies. (*See e.g.*, Ex. B).

Similarly, in Ohio, the state's Court of Appeals also held that an action against a title underwriter to recover damages for negligence does not sound in tort but must be founded on contract. *See Campbell v. Krupp*, 195 Ohio App. 3d 573, 582-83 (6th Dist. Ohio Ct. App. 2011). In *Anderson v. Preferred Title & Guaranty Agency, Inc.*, the court considered the plaintiff's claims against a title underwriter and held that the title underwriter "c[ould ]not, as a matter of law, be found directly liable to [p]laintiff in th[e] case." 2013 Ohio Misc. LEXIS 472, at *22 (Franklin Cty. Ct. Apr. 12, 2013). In that regard, the court found that, since the defendant only acted in a limited role as an underwriter and was not otherwise involved in the underlying transactions, and that the terms of the agency agreement between the underwriter and title agent specifically stated that the title agent was only a policy-issuing agent rather than an agent for settlement or closing purposes, that the underwriter could not be held responsible for the title agent's actions. *Id.* at *24-25. Here, as previously stated, the relevant agency agreement(s) entered between Essent and its title agents makes clear that such agency relationship was limited to issuing title policies. (*See e.g.*, Ex. B). Therefore, Plaintiffs' negligence claim should be dismissed.

## III. <u>The Complaint is Impermissibly Vague</u>

Rule 12(e) requires a plaintiff to provide a more definite statement "where the complaint is so vague or ambiguous that the defendant cannot reasonably be required to frame a responsive pleading." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992). Here, Plaintiffs fail to allege facts with any level of detail concerning the subject properties, the addresses for such properties, what plaintiffs are involved, what policies were underwritten, what alleged agents were involved, nor what states those transactions closed in. Additionally, Plaintiffs' allegations are irretrievably vague given that their allegations concerning even their own involvement in the alleged scheme outlined are unclear and cannot be responded to—i.e., Plaintiffs contend they were private lenders for various property closings despite the simultaneous allegation(s) that Kentucky Private Lending, LLC was their primary hard money lender. This leaves Essent completely unable to fully respond to the Complaint.

Accordingly, Essent respectfully requests that the Court schedule a pre-motion conference to address same and to grant leave to file a motion to dismiss Plaintiffs' Complaint, or in the alternative, leave to move for a more definite statement. Thank you for Your Honor's consideration.

Respectfully yours,

<u>*/s/ Michael R. O'Donnell*</u>
Michael R. O'Donnell

cc: All Counsel (via CM/ECF)