# EXHIBIT A

# OHIO DEPARTMENT OF INSURANCE

# STATE OF OHIO

---

## BULLETIN 2010-05

## TITLE AGENT IOTA ESCROW ACCOUNTS – DIRECTED FUNDS

**Effective September 3, 2010**

---

It has come to the Superintendent's attention that some title insurance agents continue to engage in a practice prohibited by state law and clarified in the Ohio Department of Insurance Bulletin titled *Guidelines Governing Title Insurance Agents And Interest On Trust Accounts* (2005-1), dated November 1, 2005. Specifically, the prohibited practice involves either placing client escrow funds in a non-interest-bearing account or placing client escrow funds in an interest-bearing account for the benefit of the agent or agency. Bulletin 2005-1 clearly states that this practice is not permissible.

In practice, a title insurance agent has only two options when engaged in the business of handling escrows of residential real property transactions: 1) deposit client funds into their IOTA account, which is a pooled-client, interest-bearing account established for the benefit of the legal aid fund; or 2) deposit client funds into separate, interest-bearing accounts for the benefit of each individual client (i.e. the buyer whose funds are being held in escrow during the closing process) or a third-party beneficiary of that client. As noted in Bulletin 2005-1, in no circumstance shall the agent, agency, or company benefit from the interest earned on either account. The first option is the default option, and should be used when the funds being held are nominal in amount or are to be held for a short period of time and thus not reasonably capable of generating net income for the client.

IOTA accounts may be established for use by a single agent or for use by multiple agents within a single agency or company. The second option requires the agent to obtain authorization from the client to deposit the funds into such an account – the client authorization "directs" the agent to deposit the funds into an interest-bearing account for the benefit of the client. Ohio law does not provide for any exceptions or permissible alternatives to these two options.

When a title insurance agent receives escrow funds related to a residential real property transaction through the use of electronic funds transfer (e.g., wire transfer), the agent may use a non-interest bearing, non-IOTA account to "receive" the transfer of funds in order to ensure the security of such funds provided the funds are automatically and immediately transferred to the agent's IOTA account after they are received. The funds shall remain in the IOTA account until disbursed pursuant to closing instructions, court order, or otherwise in accordance with law, or until the funds escheat to the State as unclaimed.

If at any time the Superintendent determines that an agent has failed to comply with statutory requirements for handling escrows of residential real property transactions, the Superintendent may suspend, revoke, or refuse to issue or renew the license of a title insurance agent, assess a civil penalty, or impose any other sanction or sanctions pursuant to section 3905.14 of the Revised Code, subject to review as provided for in Chapter 119. of the Revised Code. The Superintendent may also provide notice of any IOTA-related violations to the Ohio Legal Assistance Foundation.

Mary Jo Hudson
Superintendent of Insurance