Vedder Price
1633 Broadway, 31st Floor
New York, New York 10019

T: +1 212 407 7700
F: +1 212 407 7799
vedder.com

Vedder

**Joshua Dunn**
Shareholder
+1 (212) 407 7745
jdunn@vedder.com

August 28, 2026

**VIA ECF**

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 8D South

**RE:** *Summitbridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al.*
Case No. 2:26-cv-00141-JMA-ST
Vision Title, LLC's Pre-Motion Conference Letter

Dear Judge Azrack,

We represent Vision Title, LLC ("***Vision Title***") in the above-referenced action. Per Rule IV(B) of Your Honor's Individual Practices and Rules, we respectfully request a pre-motion conference in anticipation of moving to dismiss the Second Amended Complaint (ECF No. 101) (the "***Second Amended Complaint***"), pursuant to Fed. R. Civ. P. 12(b)(2).

## A. Background

Plaintiffs generally assert that Defendant Lighthouse Estates LLC ("***Defendant Lighthouse***") engaged in a Ponzi scheme which defrauded the Plaintiff Lenders, who provided funding to Defendant Lighthouse for various real estate investments. *See* Second Amended Complaint, ¶¶ 1, 6–8, 15–144. Plaintiffs joined Vision Title as a defendant for the first time in its Second Amended Complaint because Vision Title allegedly served as a title closing and settlement agent for two (2) of Defendant Lighthouse's real property transactions located in the State of Missouri (the identity of the subject transactions are not provided). *See id.* at ¶ 196. Plaintiffs do not allege how Vision Title is in any way a part of this alleged Ponzi scheme.

Vision Title is a limited liability company organized and existing under the laws of the State of Missouri that provides title services for real property transactions, including conducting title searches, issuing title insurance policies, establishing escrow accounts, and closing transactions. Vision Title provides these services exclusively within the States of Missouri and

Illinois and is hired because of its ability to provide those services in those particular jurisdictions. Vision Title has never conducted business of any kind in the State of New York and derives no revenue whatsoever from services rendered in the State of New York.

Plaintiffs' do not allege that the state-law negligence claims against Vision Title (Count III) concern property located in the State of New York. *See id.* at ¶¶ 196, 254–57. Accordingly, Plaintiffs fail to establish any basis for personal jurisdiction over Vision Title by a New York court. *See MDG Real Est. Glob. Ltd. v. Berkshire Place Assocs., LP*, 513 F. Supp. 3d 301, 305 (E.D.N.Y. 2021) ("[I]t is hornbook law that the burden rests with plaintiffs to establish the Court's personal jurisdiction over defendants.); *Waggaman v. Arauzo*, 117 A.D.3d 724, 725 (2d Dep't. 2014) ("Where a motion is made to dismiss an action for lack of personal jurisdiction, it is the plaintiff who bears the ultimate burden of proving a basis for such jurisdiction.") (citation omitted).

**B. Anticipated Grounds for Vision Title's Motion to Dismiss the Second Amended Complaint**

This Court has no general personal jurisdiction over Vision Title, as it has no home in the State of New York. A company is only subject to general jurisdiction where it is "at home," which, absent exceptional circumstances, means its state of incorporation and the state of its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137–139 (2014). Vision Title was incorporated in the State of Missouri and provides its services exclusively within the States of Missouri and Illinois. Vision Title's only office and principal place of business is located at 13610 Barrett Office Drive, Suite 215, Manchester, Missouri 63021(a suburb of St. Louis, State of Missouri). Vision Title is a non-domiciliary of the State of New York, and therefore there is no "at home" jurisdiction.

Further, the Second Amended Complaint alleges no facts supporting long-arm jurisdiction. A New York court may not exercise specific personal jurisdiction over a non-domiciliary unless the long-arm statute confers jurisdiction and the exercise of jurisdiction comports with due process. *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214 (2000); *see Shelbourne Glob. Sols., LLC v. Gutnicki LLP*, 658 F. Supp. 3d 104, 113 (E.D.N.Y. 2023). Under New York's long-arm statute, a court may exercise personal jurisdiction over any non-domiciliary who commits a tortious act outside the state causing injury to a person within the state if the non-domiciliary: (i) regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from services rendered in the state; or (ii) expects or should reasonably expect the act to have consequences in the state. NY C.P.L.R. § 302(a)(3).

Vision Title does not solicit business in the State of New York, does not engage in any course of conduct in the state (much less a *persistent* course of conduct), and derives no revenue from services rendered in the state. As Vision Title does no business in the State of New York, it does not and should not expect its actions to have consequences in the state.

Due process requires that a non-domiciliary have "certain minimum contacts" with the forum and "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Williams v. Beemiller, Inc.*, 33 N.Y.3d 523, 528 (2019) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted)). A defendant's relationship with a third-party, standing alone, is an insufficient basis for personal jurisdiction, and due process forbids haling a defendant into court based on such contacts. *See Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U. S. 408, 417 (1984) ("[The]

unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, (1985) ("[Due process] ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts[.]").

Plaintiffs assert personal jurisdiction over Vision Title solely because Vision Title served as an alleged title closing and settlement agent for real property transactions conducted by Defendant Lighthouse and funded by Plaintiffs **in the State of Missouri**. Vision Title has no other contact with the forum, and has no minimum contacts to satisfy New York's long-arm statute.

The relationship between Vision Title and Defendant Lighthouse is precisely the type of random, fortuitous, or attenuated contact between a defendant and the forum that cannot be used to establish jurisdiction under New York's long-arm statute. Moreover, subjecting Vision Title to this Court's jurisdiction would offend traditional notions of fair play and substantial justice and would violate the U.S. Constitution, as due process requires that jurisdiction rest on a defendant's own contacts with the forum, not on the contacts of a third party.

Based on the foregoing, Vision Title respectfully requests a pre-motion conference, or, in the alternative, leave to file a motion to dismiss the Second Amended Complaint as against Vision Title and set a briefing schedule therefor. The Court's consideration is greatly appreciated. Should Your Honor require further information, please do not hesitate to contact us.

Respectfully,

Vedder Price P.C.

*/s/ Joshua Dunn*
Joshua Dunn

*Attorneys for Defendants*

cc: All Counsel of Record via ECF