HAYES & SCHANZER LLP
43 West 43rd St., Suite 195
New York, NY 10036-7424
(917) 770-0180 • ahayes@hayesschanzer.com

September 18, 2026

**VIA ECF**

Hon. Joan M. Azrack
United States District Judge
United States District Court, Eastern District of New York
Long Island Federal Courthouse, 100 Federal Plaza
Central Islip, NY 11722

Re: *Summitbridge Wealth Management LLC, et al. v. Lighthouse Estates LLC, et al.*, No. 2:26-cv-00141 (JMA) (ST) – Response to Elite Title's Pre-Motion Conference Letter (ECF No. 198)

Dear Judge Azrack:

As one of the originally named defendants herein, Elite Title Company, LLC ("Elite") (ECF No. 198) is now months overdue to disclose its transactions with "Lighthouse Enterprise" defendants, as required by the Feb. 13, 2026 TRO. Elite has declined to produce any of those records – or, indeed, any of its files for the many Lighthouse-related closings that it conducted (Plaintiffs' records indicate that it was one of Van Barker's go-to title companies in Missouri).

Having decided not to produce information about its closings, Elite cynically argues that the pleadings do not contain sufficiently precise allegations against it. Elite's request should be granted – on the condition that Elite, *itself*, promptly produces its own closing records and records of its transactions with Barker's enterprise.

## I. Elite Misreads the Allegation on Which Its Motion Depends.

Elite tells the Court that "the SAC itself alleges only that Elite is a Missouri-licensed title insurance and closing/settlement agent and that is served as a closing/settlement agent for transactions funded solely in Missouri. See SAC ¶ 188." However SAC ¶ 188 alleges that "Elite Title served as the closing/settlement agent for 54 Lighthouse transactions funded by Plaintiffs, in Missouri." The prepositional phrase identifies where the closings occurred. It does not describe where the money came from, and Elite's substitution of "funded solely in Missouri" for "funded by Plaintiffs" is the premise of its entire application.

Two things are clear, however. *First*, Elite conducted closings for each of the two original Plaintiffs in this action, both of whom are New York residents. Summitbridge Wealth Management LLC is a New York limited liability company with its office in Syosset. (SAC ¶ 15) Arna Premier Property Solutions LLC is a New York entity, with its office located in Plainview, NY. (SAC ¶ 16). Several other New York plaintiffs made loans on properties located in Missouri (plaintiff Nathan Nolan Hillard, *see* SAC ¶ 104; plaintiff WNY MJA Solutions LLC, managed by New York resident Matthew Andersen, *see* SAC ¶ 141), though

our incomplete records and some uncertainty about "Elite" and some of its affiliated companies makes it unclear whether Elite handled their closings.

*Second*, in each of its closings, Elite received funds in escrow from New York-based plaintiffs, and then disbursed those funds without a power of attorney or the lender's actual consent to the disbursements that Elite made from the Plaintiffs' funds.

## II. Elite's Unauthorized Disbursement of Closing Funds Was a Repeated Practice Directed at Absent Lenders.

As far as Plaintiffs can tell – hampered as we are by Elite's refusal to produce its closing files – Elite's pattern of conducting unauthorized closings follows the pattern of wrongful conduct by the Title Company Defendants alleged in the SAC – with numerous unauthorized payments of Plaintiffs' funds to unlicensed "transaction coordinators" and other persons with no role in the transaction, "all without a lender's power of attorney, without any lender's closing instructions, and without the lender's consent to those payments." SAC ¶ 9. Like the other Title Company Defendants, Plaintiffs allege that Elite "simply did whatever the Transaction Coordinators told them to do," *see* SAC ¶ 256; *see also* SAC ¶¶ 254–255, 257.

The SAC also alleges that Elite was one of the title companies that routinely failed to provide the "closing protection letters" that are mandatory for property closings in Missouri. *See* SAC ¶¶ 10, 258–259; *cf.* Mo. Rev. Stat. § 381.058. Plaintiffs are not alleging that failure was, itself, grounds for a private right of action; instead, they allege that Elite's routine failure to comply with that basic legal rule indicates that it ran its business with a level of negligence and disregard for its fiduciaries' interests that is actionable under state tort law rules.

## III. The New York Plaintiffs' Harm Flowed from Elite's Pattern of Negligence.

Elite's jurisdictional argument focuses on a straw man: it argues that the Court lacks jurisdiction under *Daimler,* and one prong of CPLR § 302(a)(3). However, Plaintiffs do not allege that the Elite is subject to the Court's general jurisdiction. Instead, Plaintiffs allege that jurisdiction under NY CPLR § 302(a)(1), and (a)(3)(i) and (ii). Taking each of these in turn:

*Section 302(a)(1).* Elite transacted business in New York by repeatedly accepting wire transfers of New York lenders' funds, by the transmission of wiring instructions and closing communications in connection with those transfers, and by undertaking to hold and disburse those funds as escrow agent. Under § 302(a)(1), a single purposeful transaction suffices to permit the Court to exercise jurisdiction over the counterparty to the transaction, and the Court of Appeals has repeatedly held that defendants' physical presence in the state *is not required*. *Deutsche Bank Sec., Inc. v. Montana Bd. of Investments*, 7 N.Y.3d 65, 71-72 (2006); *Fischbarg v. Doucet*, 9 N.Y.3d 375, 379-81 (2007). Moreover, the articulable-nexus requirement of Section 302 is satisfied because the alleged negligence and conversion invoices Elite's mishandling of those same funds. *See Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327 (2012).

*Section 302(a)(3)(i) and (ii).* Elite's handling of over 50 closings funded by out-of-state private money lenders constitutes a persistent course of conduct and a source of substantial revenue derived from interstate commerce. Elite expected or should reasonably have expected

its disbursement decisions to have consequences for the lenders whose funds it held and whose statutory closing protection it failed to provide. The injury is the depletion of escrowed funds belonging to New York principals and drawn from New York accounts — a direct loss, actionable in a New York court.

Lastly, we note that *18 U.S.C. § 1965(b)* also permits the Court to exercise personal jurisdiction over Elite. The RICO statute's nationwide service provision permits other parties to be summoned where at least one defendant is properly before the Court and the ends of justice so require. *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65 (2d Cir. 1998). The New York forum contacts of both the "Lighthouse" and "Transaction Coordinator" Defendants are clearly pleaded (and indeed, unchallenged on this motion). SAC ¶ 13. The Title Company and Underwriter Defendants are spread across Missouri, Kentucky, Ohio, Michigan, and Indiana; no single district could adjudicate this enterprise-wide action against all of them, and the ends of justice do not favor fracturing a single scheme into five or more parallel actions.

**IV. The Governing Standard on a Motion to Dismiss.**

Lastly, we note that on a Rule 12(b)(2) motion before any discovery, Plaintiffs need make only a prima facie showing regarding its jurisdictional allegations, and the Court may consider materials beyond the pleadings, construing all inferences in Plaintiffs' favor. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013). The absence of an Elite-specific paragraph in SAC ¶ 13 is not dispositive; as Elite itself anticipates, Plaintiffs are prepared to supplement its allegations with more definitive facts, supported with whatever information we have in our closing files, escrow ledgers, and records of the closings at issue.

For these reasons, Plaintiffs respectfully request that the Court deny Elite's application without prejudice, permitting Plaintiffs to supplement is jurisdictional allegations as to the Title Company Defendants, with Elite itself being directed to provide its information and materials responsive to the disclosure obligations under the TRO, along with its closing protection letters, title commitments, settlement statements, and escrow ledgers.

Respectfully,

**HAYES & SCHANZER LLP**

By: Andrew W. Hayes
Andrew W. Hayes, Esq.
43 West 43rd St., Suite 195
New York, NY 10036-7424
(917) 770-0180
ahayes@hayesschanzer.com
*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)