GOLDBERG SEGALLA

Yoram Miller | Partner
Direct (646) 292-8754 | ymiller@goldbergsegalla.com

October 2, 2026

***VIA ECF***
Hon. Joan M. Azrack, U.S.D.J.
US District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: ***SummitBridge Wealth Management LLC, et al. v. Lighthouse Estate LLC, et al.*, Case No.: 2:26-cv-00141 (JMA)(ST): Request for a Pre-Motion Conference**

Dear Judge Azrack:

We represent Defendants Commonwealth Land Title Insurance Company ("Commonwealth"), Chicago Title Company, LLC ("Chicago") and Fidelity National Title Company LLC ("Fidelity") in the above-referenced action (the "Action"). Commonwealth, Chicago, and Fidelity respectfully request a pre-motion conference on their planned motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P."), or alternatively, for a more definite statement under F.R.C.P. 12(e).

**The Allegations, and Lack Thereof, Concerning Commonwealth, Chicago And Fidelity**

Plaintiffs' Second Amended Complaint (ECF Doc. No. 101; the "SAC") contains extraordinarily limited allegations concerning Commonwealth, Chicago and Fidelity.

1. **Commonwealth:**

Other than listing Commonwealth as one of more than 50 defendants in the SAC's caption, Plaintiffs never refer to Commonwealth in the SAC.

2. **Chicago and Fidelity**:

Chicago and Fidelity are Delaware LLCs that do no business in New York, are not licensed to do business in New York, and have no offices or employees in New York.

The SAC's only references to Chicago consist of one paragraph that alleges no wrongdoing:

> 193. Defendant Chicago Title Company, LLC is an Indiana-licensed title insurance agent and closing/settlement agent, with its principal place of business in Indianapolis, Indiana. Its title insurance underwriter was Fidelity National Title Insurance Company. Chicago Title served as the closing/settlement agent for three Lighthouse transaction(s) funded by Plaintiffs, in Indiana. (SAC ¶ 193).

The SAC's only references to Fidelity consist of a similar paragraph with no allegations of wrongdoing:

> 194. Defendant Fidelity National Title Company, LLC is a Missouri-licensed title insurance agent and closing/settlement agent, with its principal place of business in St. Louis, Missouri. Fidelity National Title served as the closing/settlement agent for two Lighthouse transactions funded by Plaintiffs in Missouri. (SAC ¶ 194).

Apparently unable to identify any actionable conduct by Chicago or Fidelity, Plaintiffs lump them with eleven unrelated defendants referred to in the SAC as the "Title Company Defendants" and thereafter at times as the "Title Defendants." (SAC Heading before ¶183).

Plaintiffs then purport to assert a negligence claim (Count III of the SAC) and a conversion claim (Count IV of the SAC) against the "Title Defendants." Those purported claims are predicated upon wholly conclusory, group-pled allegations that the "Title Defendants" improperly disbursed funds at closings "in reliance on the unverified representations of [Transaction Coordinators]" . (*See* SAC ¶¶ 254-256, 265). Critically, the SAC does not provide any details about any disbursements handled by Chicago or Fidelity. As to transactions purportedly involving Chicago or Fidelity, among other missing details, the SAC fails to identify the lender(s) or borrower(s), the subject property(ies), the recipient(s) of any allegedly improperly disbursed funds, or the date(s) and amount(s) of the improperly disbursed funds.

## I.
## The SAC Does Not Even Mention Commonwealth

To overcome a motion to dismiss for failure to state a claim under F.R.C.P 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, under F.R.C.P. 8(a)(2), a plaintiff must, at minimum, provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy F.R.C.P. 8, a complaint must "give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006). "[M]ere conclusory statements do not suffice." *Paterno v. City of New York*, 71 Fed Appx. 15 (2d Cir. 2019). Likewise, pleadings that "lump" defendants together and fail to distinguish the defendants' conduct fall afoul of F.R.C.P. 8. *See Gen. Petro. GmBH v. Stanley Oil & Lubricants, Inc.*, 2026 U.S. Dist. LEXIS 191732, at *22 (E.D.N.Y. Aug. 25, 2026).

Far from stating a claim against it, the SAC only references Commonwealth in the caption.

## II.
## The Court Does Not Have Personal Jurisdiction Over Chicago or Fidelity

Chicago and Fidelity must be dismissed because the Court lacks jurisdiction over them.

In order for a District Court to have personal jurisdiction over a defendant, the defendant must be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing F.R.C.P.

4(k)(1)(A)). To satisfy this requirement, Chicago and Fidelity would have had to have contacts with New York sufficient to create general or specific jurisdiction over them. *Id.* They do not.

General jurisdiction requires the defendant to have "affiliations with the State" that "are so 'continuous and systemic' as to render it essentially at home in the forum state." *Daimler*, 571 U.S. at 127 (citation omitted). Specific jurisdiction under New York's long-arm statute (CPLR 302) requires a defendant to have transacted business in New York and requires the plaintiffs' claims to have arisen from that transaction of business in New York. *Khan v. Sedicii Innovations, Ltd.*, 2026 U.S. App. LEXIS 21541, at *5 (2d Cir. July 21, 2026).

Here, neither apply and Plaintiffs failed to plead that either Chicago or Fidelity have any contacts with the New York, let alone the "continuous and systemic" contacts required for general jurisdiction or that Plaintiffs' claims arise out of business Chicago or Fidelity transacted in New York as required for specific jurisdiction.

**III.**
**The SAC Does Not State a Claim Against Chicago or Fidelity**

In addition to the lack of personal jurisdiction over them, Plaintiffs' allegations that the "Title Defendants" disbursed funds not "in accordance with the lender's authorization" cannot support a claim – whether sounding in negligence or conversion – against Chicago of Fidelity.

Apart from the number of "Lighthouse transactions" that allegedly involved Chicago (3) and Fidelity (2), the SAC identifies no lender, borrower, property address, closing date, date of disbursements, amounts allegedly improperly disbursed, identity of the recipient of allegedly improperly disbursed funds, whether the lender suffered any loss on the transactions that involved Chicago or Fidelity, or any other details. Such bare-bones, undifferentiated allegations fall afoul of the pleading requirements of Rule 8(a) and the prohibition against impermissible group pleading. *See* *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

**IV.**
**Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement**

In the event the Court does not dismiss a prospective movant, Plaintiffs should be ordered to provide a more definite statement under Rule 12(e) that identifies the transactions at issue by listing the property, closing date, lender, borrower, closing date, and challenged disbursement(s).

## CONCLUSION

For the foregoing reasons, Commonwealth, Chicago, and Fidelity respectfully request a pre-motion conference or, in the alternative, leave to file a motion to dismiss.

Respectfully submitted,

Yoram Miller